NEUMAN & SCHWIERS CO. *et al. v.* UNITED STATES (No. 1010).[1]

HAMS, WHEN NOT PREPARED OR PRESERVED MEAT.

These hams have not lost their name or their character by reason of any process to which they were subjected before importation; and the *eo nomine* provision for hams in paragraph 284, tariff act of 1909, being more specific than that for prepared or preserved meats in paragraph 286, paragraph 284 controls.

United States Court of Customs Appeals, March 21, 1913.

APPEAL from Board of United States General Appraisers, Abstract 29530 (T. D. 32767).

[Reversed.]

*Comstock & Washburn* for appellants.

*William L. Wemple*, Assistant Attorney General (*Charles Duane Baker*, special attorney, of counsel), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise in question comes packed in hermetically sealed tin cans. Each can contains the meat of a cured and cooked ham,

_____

[1] Reported in T. D. 33310 (24 Treas. Dec., 496).

from which the bone has been removed. It does not appear in the record that the meat has been cut into pieces or otherwise changed in form, except in so far as that result necessarily follows from cooking and from the extraction of the bone. Each can of the importation is said to contain the entire meat of a single ham only and has the usual shape of a ham in outline.

The present importation comes from Germany, and a sample package has been submitted as an exhibit in the case. It bears a label printed in German and substantially repeated in English. The German label reads as follows: "Prima Gekochter Hamburger Schinken, Ohne Knochen, Gebrauchsfertig," which is said to mean "Prime cooked Hamburger ham, without bone, ready for use." The English label, which is printed as part of the same paper, reads as follows: "Prager style, cooked ham, without bone (ready for use), made in Germany," followed by the name of appellants as sole agents.

The merchandise was assessed with duty at 25 per cent ad valorem as prepared or preserved meat, under paragraph 286 of the tariff act of 1909. The importers duly filed their protest, claiming a duty of 4 cents per pound upon the article as hams, under paragraph 284 of the act.

The several paragraphs of the act relating to meats are as follows:

284. Bacon and hams, four cents per pound.

285. Fresh beef, veal, mutton, lamb, pork, and venison and other game, except birds, one and one-half cents per pound.

286. Meats of all kinds, prepared or preserved, not specially provided for in this section, twenty-five per centum ad valorem.

The protest was heard upon testimony by the Board of General Appraisers and was overruled. From that decision the importers now appeal.

As has been stated, the competition in the case is between the provision for hams contained in paragraph 284 and the provision for prepared or preserved meats contained in paragraph 286, above copied. It is immediately apparent that the *eo nomine* provision for hams is more specific than that for prepared or preserved meats and must control the assessment in case the importation nominally falls within both paragraphs.

The real question, therefore, is whether or not the merchandise consists of hams. If so, they should be assessed as such under paragraph 284. In answer to this question the court holds upon the evidence that each can of the importation actually contains a single ham and that the entire importation is therefore composed of hams.

It is conceded that the article at bar in its first estate is a ham, within the full and common meaning of that term. It is, then, the thigh of a hog cured by salting and smoking. If the article were then packed within a tin without further processing, it would undoubtedly remain a ham and would be dutiable as such. The question then

arises whether or not the treatment of the article preliminary to its packing so changes its character and identity as to disentitle it to its original name. That treatment consists of two parts: First, the entire ham is cooked, and next, the thigh bone is removed. This is all that is done to the article before it is packed in the tin container. The court is of the opinion that the article in question does not lose its name and character as a ham by reason of either or both of these processes. The meat is, of course, the valuable part of the ham, and that is the real importation in any event; and when the entire meat of a single ham is packed alone in a single tin, not changed in any particular except that it has been cooked and the bone removed, it seems to the court that the contents of the tin may still be called a ham within the meaning of that term as used in the cited paragraph.

In this view of the case the court reverses the decision of the board and directs a reliquidation of duty in accordance with the foregoing opinion.

*Reversed.*