UNITED STATES v. MASSCE & Co. (No. 1567).[1]

ROPE CHAIN, WHEN PARTS OF JEWELRY.

Rope chain, not more than one-half of 1 inch in diameter, breadth, or thickness, made of rolled gold plate, valued at 30 cents per yard and imported in long lengths, for use in manufacturing watch chains, is properly classifiable as parts of jewelry under the final clause of paragraph 448, tariff act of 1909, which, by the language " articles commonly known as jewelry or parts thereof * * * including chain * * *," fixes the classification of such chain as parts of jewelry.

[1] Reported in T. D. 35972 (29 Treas. Dec., 680).

United States Court of Customs Appeals, December 3, 1915.

APPEAL from Board of United States General Appraisers, Abstract 37771.
[Affirmed.]
Bert Hanson, Assistant Attorney General (Thomas J. Doherty, special attorney, of counsel), for the United States.
Allan R. Brown for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

·This is. an appeal by the Government from the decision of the Board of General Appraisers sustaining the contention of the importers that certain rope chain was properly classifiable as parts of jewelry under the final provision of paragraph 448 of the act of 1909. The case was submitted to the Board of General Appraisers for decision upon stipulation signed by counsel for both sides, which, so far as material, reads as follows:

It is further stipulated and agreed as to the chains on the various entries in question returned for duty at 85 per cent of valorem, that they are rope chain, composed of rolled gold plate, not exceeding one-half of one inch in diameter, breadth, or thickness, valued at 30 cents per yard, imported in long lengths, and that the use of said chain is for the manufacture of watch chains.

The portions of paragraph 448 which bear upon the question here presented are quoted:

448. Chains, * * *; all stampings. and materials of metal (except iron or ·steel), or of metal set with glass or paste, finished or partly finished, suitable for use in the manufacture of any of the foregoing articles (except chain valued at less than thirty cents per yard other than nickel or nickel-plated chain), valued at seventy-two cents per gross, three cents per dozen pieces and in addition thereto one-half of one cent per gross for each one cent the value exceeds seventy-two cents per gross; rope, curb, cable, and other fancy patterns of chain, without bar, swivel, snap or ring, composed of rolled gold plate or of silver, German silver, white metal, or brass, not exceeding one-half of one inch in diameter, breadth or thickness, valued at thirty cents per yard, six cents per foot, and in addition thereto three-fifths of one cent per yard for each one cent the value exceeds thirty cents per yard; * * * all of the foregoing, whether known as jewelry or otherwise and whether or not denominatively or otherwise provided for in any other paragraph of this act, twenty-five per centum ad valorem in addition to the specific rate or rates of duty herein provided; all articles commonly or commercially known as jewelry, or parts thereof, finished or unfinished, including chain, mesh, and mesh bags and purses composed of gold or platinum, * * * sixty per centum ad valorem.

The Government contends that the article here in question is exactly provided for by the earlier provisions above quoted, which describe with accuracy " rope, curb, cable, and other fancy patterns of chain, without bar, swivel, snap, or ring, composed of rolled gold

plate or of silver," etc., which are made dutiable, by cumulative provisions, at 85 per cent ad valorem.

The answer to this contention is that if the importation falls alike under the later provisions of paragraph 448, as jewelry or parts thereof, it is dutiable under the latter provision, as held by this court in Cohn *v.* United States (4 Ct. Cust. Appls., 378; T. D. 33536), where it was determined that although an article falls within the apparent *eo nomine* provisions of the preceding part of the paragraph, it is yet the manifest intention of the legislature that everything that answered to the description in the comprehensive conclusion of the paragraph as jewelry or parts thereof should fall within the latter designation.

It is next contended by the Government that this rope, taken in pieces of 50 meters in length, can not properly be said to be parts of jewelry, although intended to be subsequently manufactured into watch chains by being cut into lengths and furnished with bar, swivel, and other attachments. If the case depended upon the ordinary meaning of the term "parts of jewelry," we should readily accept the view put forth by the Government. The term "jewelry or parts thereof" we assume would include under the provision for "parts thereof" only such material as had prior to importation been fitted in some degree specially for use as a part of an ultimate article of jewelry. A chain 160 feet in length is obviously not a part of any completed article of jewelry, and would more appropriately be described as material to be used in the manufacture of jewelry. But the importers' counsel contends that the Congress has given to the material (chain) a classification as part of jewelry, and this would seem a natural and necessary interpretation of the language employed—"all articles commonly or commercially known as jewelry, or parts thereof, finished or unfinished, including chain, mesh, and mesh bags and purses composed of gold or platinum."

It appears that prior to the enactment of this statute, the contention was made that rope chain 10 meters in length was properly classifiable as parts of jewelry, but this contention was disallowed in T. D. 25564. When, therefore, Congress, in enacting the present statute, used the language "articles commonly or commercially known as jewelry * * * including chain, mesh," etc., it is fair to assume that these words were added in answer to this demand and for the purpose of giving chain a classification as parts of jewelry.

But it is further contended by the Government that the language "including chain, mesh, and mesh bags and purses composed of gold or platinum" should be construed as a whole, and that so construed the word "chain" should be held qualified by the words "composed of gold or platinum," thus excluding the present importation from the provision for jewelry or parts thereof.

This particular provision has been before the court on numerous occasions. In United States *v.* Cohn & Rosenberger (3 Ct. Cust. Appls., 273; T. D. 32571) it was said:

> The court is therefore inclined to the conclusion that only the provision for bags and purses is modified by the phrase " composed of gold or platinum."

And in United States *v.* Guthman, Solomons & Co. (3 Ct. Cust. Appls., 276; T. D. 32572) it was said:

> We are of the opinion, therefore, that the words, " composed of gold or platinum," as used in the last provision of paragraph 448, are referable alone to the immediate antecedents, " mesh bags and purses," and are not referable to the earlier antecedents of the provisions, " all articles."

See also Guthman, Solomons & Co. *v.* United States (3 Ct. Cust. Appls., 286; T. D. 32574).

It is argued by Government's counsel that in these cases we were dealing with a case in which an attempt was made to carry the words " composed of gold or platinum " to the more general phrase " all articles commonly or commercially known as jewelry or parts thereof," and that the cases involved no construction of the words " chain " and " mesh." This is true, and the intention of Congress by the use of these words in this connection is not easy of ascertainment. The grammatical construction of the paragraph would not extend the words " composed of gold or platinum " to " chain " or " mesh." And on the other hand, there is force in the Government's suggestion that the construction contended for by the appellees would also require a repunctuation of the provision in question, and that if it had been intended that " chain " and " mesh " should stand by themselves, separate and apart from " mesh bags and purses composed of gold or platinum," the provision for them, instead of reading " including chain, mesh, and mesh bags and purses composed of gold or platinum," would have read " including chain and mesh, and mesh bags and purses composed of gold or platinum."

The most that can be said, on the whole, is that reading this paragraph, in view of the purposes of Congress, manifested by the general provisions of the section, we incline to the view that the purpose was to restrict only mesh bags and purses by the words " composed of gold or platinum," and that these words can not be related back to any of the other provisions of the paragraph. This view seems to be in harmony with the previous holdings of the court.

It is further said that if rope chain is held to fall within the provision for parts of jewelry, it leaves nothing for the provision for rope chain, so specifically described in earlier provisions of the paragraph, to operate upon. This argument is based upon the assumption that if rope chain is dutiable as jewelry then all rope chain is dutiable as jewelry, but this is not necessarily the case. Rope chain may have other uses, as for making key chains, muff

chains, coat hangers, and perhaps other uses. In the present case the stipulation is that the use to which the chain imported is to be put is in the manufacture of jewelry.

No error was committed by the board, and the decision will be *affirmed.*