MAWER CO. *v.* UNITED STATES (No. 1742).[1]

STUFFED OLIVES.
Olives pitted and stuffed with sweet red peppers are within the designation "olives" as that term is commonly and popularly used and understood. It is not shown that they are without that term commercially. They are dutiable as olives (par. 218, tariff act of 1913) and not as edible fruits (par. 217) or nonenumerated articles (par. 385).

United States Court of Customs Appeals, March 26, 1917.

APPEAL from Board of United States General Appraisers, Abstract 39954.

[Affirmed.]

*Comstock & Washburn* (*Albert H. Washburn* and *J. Stuart Tompkins* of counsel) for appellants.
*Bert Hanson,* Assistant Attorney General (*Samuel Isenschmid,* special attorney, of counsel), for the United States.

[Oral argument Dec. 8, 1916, by Mr. Tompkins and Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:
Olives pitted and stuffed with sweet red peppers or pimentos were classified by the collector of customs at the port of New York as olives, and were accordingly assessed for duty at 15 cents per gallon under that part of paragraph 218 of the tariff act of 1913 which reads as follows:

218. * * * Olives, 15 cents per gallon.

The importers protested that the goods were not olives, and claimed that they were either edible fruits, prepared, dutiable at 1 cent per pound under paragraph 217 or nonenumerated articles dutiable at 15 per cent ad valorem under paragraph 385.

---

[1] Reported in T. D. 37108 (32 Treas. Dec., 369).

The pertinent parts of paragraphs 217 and 385 are as follows:

217.  *  *  *  All edible fruits, including berries, when dried, desiccated, evaporated, or prepared in any manner, not specially provided for in this section, 1 cent per pound.

385. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for in this section, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not provided for in this section, a duty of 15 per centum ad valorem.

The Board of General Appraisers overruled the protest, and the importers appealed

It appears from the record that merchandise of the kind imported is produced by pitting green olives and filling the cavity thus made with a small strip of pimento or sweet red pepper. In order to prevent fermentation and spoiling, the pitted olive and pimento, before being brought together, are sterilized and soaked in salt and water. The goods so made up were first put upon the market by the Seville Packing Co., which sold them under the copyrighted name " Pimolas," a coined designation apparently suggested by the first syllable of the word "pimento" and the first syllable of the word "olive." Notwithstanding the fact that the Seville Packing Co. introduced the goods to the public as "Pimolas," it would seem that they were generally known to the consumer and bought and sold in the trade as stuffed olives.

The importers contend that olives treated and processed in the manner just described are not olives, but fruit, prepared, and that they are therefore dutiable under paragraph 217 and not under paragraph 218.

Inasmuch as the olives have been pitted and then stuffed with pimento after being soaked in salt and water, it must be conceded that they have been advanced in condition, and that they are something more than olives in their natural state. Nevertheless, they retain the form and characteristics of olives. The designation by which they are known and under which they are bought and sold indicates that they are classed as olives by the people in general. They are used as olives, and whatever has been done to them has not destroyed their identity as olives or so altered their nature as to convert them into something else. In brief, they are still olives. True, the space originally occupied by the pit has been filled with pimento, but that addition evidently had no purpose other than that of giving piquancy to the flavor of the olive, and consequently it can no more be regarded as creating a new product than could the salting of almonds, the peppering of meat, the spicing of pickles, the adding of lemons to tea, or the stuffing of poultry with chestnuts or celery. To be sure, fruits may be so stuffed or treated as to produce an article which is not fruit, and to which the name originally borne

by the fruit is no longer applicable, but that can hardly be said of a fruit which still retains its name, form, and identity, a fruit, by the way, which has lost nothing except its pit and which has acquired nothing except an accentuation of its flavor. We are therefore of opinion that the goods fall within the designation of olives as that term is popularly and commonly used and understood. The importers insist, however, that the tariff designation "olives" has acquired a meaning in trade and commerce which differs from that commonly assigned to it and which excludes the merchandise under consideration. In support of that contention the importers' witnesses testified that an order for olives would not be properly filled by a delivery of stuffed olives. From the testimony adduced by the importers it also appeared, however, that there are green olives, ripe olives, large olives, small olives, queen olives, and Manzanilla olives, and that in no event could an order for olives, without further specification, be properly filled, inasmuch as such an order would give the dealer no information whatever as to the kind of olives wanted. From this it would follow that if stuffed olives are not olives because they would not be delivered on an order for "olives," neither are ripe olives, green olives, queen olives, or Manzanillas, a *reductio ad absurdum,* which makes it manifest that the evidence submitted by the importers can not be accepted as satisfactory proof of commercial designation. As one of the importers' witnesses testified that stuffed olives are still olives, and as the evidence is clear that they are handled by dealers in olives just as are other olives, we are inclined to believe that the nondelivery of stuffed olives on an order for olives should be attributed rather to the indefiniteness of the order than to a trade understanding that stuffed olives are not olives.

Olives are provided for *eo nomine* in the tariff, and as, in our opinion, the importation is not excluded from that designation either by the popular understanding of the term or its commercial meaning, we must hold that the goods in issue are dutiable as assessed by the collector.

The decision of the Board of General Appraisers is therefore *affirmed.*