UNITED STATES *v.* SHELDON & CO. (No. 2684)[1]

CONSTRUCTION, PARAGRAPH 759, TARIFF ACT OF 1922—TAUTOLOGY TO BE
    AVOIDED—NUTS, PREPARED—EO NOMINE DESIGNATION—ROASTED AND
    SALTED PISTACHE NUTS.
    Paragraph 759, Tariff Act of 1922, provides for "Edible nuts, shelled or
unshelled, not specially provided for  *  *  *; pickled, or otherwise prepared
or preserved, and not specially provided for *  *  *; nut and kernel paste not
specially provided for *  *  *." The second clause does not cover edible
nuts not specially provided for, if pickled or otherwise prepared or preserved;
it covers not specially provided for pickles, preparations, and preservations of
such nuts. Otherwise the language "not specially provided for," in the
second clause, were surplusage. The third clause includes not specially pro-
vided for nut and kernel paste of *all* nuts. The rule that an *eo nomine* desig-
nation includes the article named in all its conditions and forms is but a rule
of construction and yields to an expressed contrary intent. Roasted and
salted pistache nuts are a preparation of such nuts, and so are classifiable
under the second clause of paragraph 759 rather than as "pistache nuts,"
under paragraph 755. *Brown & Co.* v. *United States,* 6 Ct. Cust. Appls. 415,
and *Neuman & Schwiers Co. et al.* v. *United States,* 4 Ct. Cust. Appls. 64,
distinguished.

United States Court of Customs Appeals, June 22, 1926

APPEAL from Board of United States General Appraisers, Abstract 49829

[Reversed.]

*Charles D. Lawrence,* Assistant Attorney General (*Reuben Wilson,* special
attorney, of counsel), for the United States.
*Curtis E. Loehle* for appellees.

[Oral argument March 17, 1926, by Mr. Lawrence and Mr. Loehle]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD,
                    Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

The merchandise involved in this appeal consists of pistache nuts,
salted and roasted. The nuts were assessed for duty by the col-
lector under paragraph 759 of the Tariff Act of 1922, which reads as
follows:

PAR. 759. Edible nuts, shelled or unshelled, not specially provided for, 1 cent
per pound; pickled, or otherwise prepared or preserved, and not specially pro-
vided for, 35 per centum ad valorem; nut and kernel paste not specially provided
for, 25 per centum ad valorem: *Provided,* That no allowance shall be made for
dirt or other impurities in nuts of any kind, shelled or unshelled.

It was claimed in the protests, and it is claimed here, that the
merchandise was dutiable under paragraph 755 of the Tariff Act of
1922, which reads as follows:

PAR. 755. Cream or Brazil nuts, 1 cent per pound; filberts, not shelled, 2½
cents per pound; shelled, 5 cents per pound; pignolia nuts, 1 cent per pound;
pistache nuts, 1 cent per pound.

[1] T. D. 41708.

The case was submitted to the court below on the report of the appraiser and the official sample. The trial court held that the imported merchandise was dutiable under the provision for pistache nuts contained in paragraph 755, and sustained the protests.

From the judgment entered below the Government has appealed.

It is contended by the Government that the pistache nuts have been prepared by salting and roasting, and are, therefore, dutiable under the provision for "Edible nuts, * * * pickled, or otherwise prepared or preserved, and not specially provided for," contained in paragraph 759.

Counsel for the appellees does not contend that the nuts in question have not been prepared or preserved, but insists that the language "pickled, or otherwise prepared or preserved, and not specially provided for," contained in paragraph 759, was intended to be limited to edible nuts, not specially provided for. In other words, counsel for the appellees construes the paragraph as if it read "Edible nuts, not specially provided for, pickled, or otherwise prepared or preserved."

We are unable to agree to this construction of the paragraph.

As we construe the provisions of paragraph 759, the Congress intended to provide therein for all "Edible nuts, shelled or unshelled, *not specially provided for,*" at 1 cent per pound; and for *all pickled, or otherwise prepared or preserved edible nuts, not specially provided for,* at 35 per centum ad valorem. (Italics ours.)

This construction is based upon the fact that the Congress has deliberately included the words "not specially provided for" in both the first and second clauses. Moreover, the third clause provides for "nut and kernel paste not specially provided for," at 25 per centum ad valorem. It seems to us that this clause relates, not only to the nuts provided for in the first clause of the paragraph, but to all nut and kernel paste not otherwise specially provided for.

Clearly, if the provision "pickled, or otherwise prepared or preserved," was intended to relate only to the edible nuts provided for in the first clause, there was no reason for inserting the words "and not specially provided for" in the second clause.

As thus construed the paragraph provides as follows: Clause 1 covers unprovided for *nuts,* and clauses 2 and 3, unprovided for *products* of nuts; pickles, preservations, and preparations in clause 2, and paste in clause 3.

It will be noted that paragraph 754 provides for "Almonds, not shelled, 4¾ cents per pound; shelled, 14 cents per pound; *almond paste,* 14 cents per pound." (Italics ours.)

Paragraph 756 provides for "Coconuts, one-half of 1 cent each; *coconut meat, shredded and desiccated, or similarly prepared,* 3½ cents per pound. (Italics ours.)

Paragraphs 755, 757, and 758 provide for nuts of various kinds, but there is no provision in any of those paragraphs for such nuts, pickled, or otherwise preserved, or for the paste of such nuts.

The pistache nuts involved herein have been salted and roasted, and as they are either prepared or preserved or both, and as they in such condition are not specially provided for elsewhere, they are therefore provided for in paragraph 759.

It has been suggested that to hold the imported merchandise dutiable under paragraph 759 would be contrary to the rule that an eo nomine designation includes the article named in all its conditions and forms. We think not. It has been many times held that the rule that an *eo nomine* designation prevails over words of general description, and that such designation was intended by the Congress to include all such commodities as came within the meaning of the word employed, is but a rule of interpretation or construction, and is not controlling *where the Congress has indicated a contrary intention. Cohn & Rosenberger v. United States, 4 Ct. Cust. Appls. 378, T. D. 33536; United States v. Massce & Co., 6 Ct. Cust. Appls. 395, T. D. 35972; Roger & Gallet et al. v. United States, 7 Ct. Cust. Appls. 89, T. D. 36424.*

It has also been suggested that the decisions in the cases of *Brown & Co. v. United States*, 6 Ct. Cust. Appls. 415, T. D. 35977, and *Neuman & Schwiers Co. et al. v. United States*, 4 Ct. Cust. Appls. 64, T. D. 33310, are opposed to the conclusions herein reached. In our opinion those cases are clearly distinguishable from the case at bar.

In the *Brown & Co.* case the court held that soya beans, cooked and salted, were soya beans, and were free of duty under paragraph 606 of the tariff act of 1913. The competing provisions were contained in paragraph 199, and read as follows:

PAR. 199. Beans, * * * prepared or preserved, or contained in tins, jars, bottles, or similar packages, including the weight of immediate coverings, 1 cent per pound; * * *.

The difference between paragraph 199, *supra*, and paragraph 759, *supra*, is at once apparent. Had paragraph 199 provided for "Beans, not specially provided for, 1 cent per pound;" and for "all prepared or preserved beans, not specially provided for" at a higher rate of duty, the two cases would be *in pari materia*.

In the *Neuman & Schwiers* case the competing paragraphs were 284 and 286 of the tariff act of 1909. Paragraph 284 provided for "Bacon and hams, 4 cents per pound." Paragraph 286 read as follows:

PAR. 286. Meats of all kinds, prepared or preserved, not specially provided for in this section, twenty-five per centum ad valorem.

The merchandise was hams cooked and boned.

The court said that the ham was "the thigh of a hog cured by salting and smoking." A ham is meat prepared and preserved. The fact that the hams had been further advanced in condition by cooking and removing the bones did not remove them from the classification of "hams," and put them under the provision for *meats*, prepared or preserved, not specially provided for. They were prepared and preserved meats—hams, and specially provided for as "hams"—and the court so held.

In our opinion, pistache nuts, pickled, or otherwise prepared or preserved, are provided for in paragraph 759, and, as they, when prepared or preserved by salting and roasting, are not otherwise specially provided for, they are dutiable under the specific provision therefor in paragraph 759.

The judgment is *reversed.*

### DISSENTING OPINION

BARBER, Judge: I dissent.

The long-established and well-settled rule is that—

When Congress has designated an article by a specific name, and by such name imposed a duty upon it, general terms in a subsequent act, or in a later part of the same act, although sufficiently broad to comprehend such article, are not applicable to it. *Arthur* v. *Lahey*, 96 U. S. 112; *Vietor* v. *Arthur*, 104 U. S. 498.

The main opinion recognizes this rule but rejects it, for the purposes of this case, with no justification therefor that I can discover. Of course, if Congress has, in a given statute, *clearly* indicated an intent that such rule should not apply, it will not control, but I find no such intent here.

*Cohn & Rosenberger* v. *United States*, 4 Ct. Cust. Appls. 378, and *United States* v. *Massce & Co.*, 6 Ct. Cust. Appls. 395, cited in the main opinion, are cases illustrating such clearly indicated congressional intent.

A careful examination of these cases, however, and of the statutes involved, clearly differentiates them from the one at bar and, in my opinion, they are no authority for the rejection of the *eo nomine* rule in this case.

*Roger & Gallet* v. *United States*, 7 Ct. Cust. Appls. 89, also cited, is not in point because the statute under consideration there made *use* the test of classification and we followed the well settled rule that in such cases it governs instead of an *eo nomine* provision. *Magone* v. *Heller*, 150 U. S. 70, and numerous other authorities establishing that rule are cited in the opinion in that case.

The Tariff Act of 1922 contains the following provisions:

PAR. 754. Almonds, not shelled, 4¾ cents per pound; shelled, 14 cents per pound; almond paste, 14 cents per pound.

PAR. 755. Cream or Brazil nuts, 1 cent per pound; filberts, not shelled, 2½ cents per pound; shelled, 5 cents per pound; pignolia nuts, 1 cent per pound; pistache nuts, 1 cent per pound.

PAR. 756. Coconuts, one-half of 1 cent each; coconut meat, shredded and desiccated, or similarly prepared, 3½ cents per pound.

PAR. 757. Peanuts, not shelled, 3 cents per pound; shelled, 4 cents per pound.

PAR. 758. Walnuts of all kinds, not shelled, 4 cents per pound; shelled, 12 cents per pound; pecans, unshelled, 3 cents per pound; shelled, 6 cents per pound.

PAR. 759. Edible nuts, shelled or unshelled, not specially provided for, 1 cent per pound; pickled, or otherwise prepared or preserved, and not specially provided for, 35 per centum ad valorem; nut and kernel paste not specially provided for, 25 per centum ad valorem: *Provided*, That no allowance shall be made for dirt or other impurities in nuts of any kind, shelled or unshelled.

The latter being the one under consideration.

The free list contains:

PAR. 1546. Chestnuts, including marrons, crude, dried, baked, prepared or preserved in any manner.

It is common knowledge and paragraph 759 recognizes that there are edible nuts for which the Tariff Act of 1922 makes no *eo nomine* provision. Encyclopedia Britannica, volume 19, page 918, names more than 12 such that are not enumerated in the act.

Paragraph 759 provides for—

*a.* Edible nuts, shelled or unshelled, not specially provided for, thereby excluding all such nuts for which there is an eo nomine provision.

*b.* For edible nuts pickled or otherwise prepared or preserved and not specially provided for, again excluding all edible nuts so treated that are included in any eo nomine provision of the act.

But as the *eo nomine* provision for pistache nuts, within the rule first stated in this dissent, includes the nuts here, they are excluded from this provision.

Keeping in mind that there are edible nuts not *eo nomine* provided for, it is clear to me that the first two provisions of paragraph 759 do not include and were not intended to include the pistache nuts here, because under such rule they are otherwise provided for. These nuts are not shelled; no part of the meats has been removed from the shells; unless dug out in small pieces, they can not be removed without further opening the shells; quite a proportion of the shells are not opened at all, and while they have been advanced in condition by salting and roasting they are still pistache nuts in form and shape and known as and called such. They have taken no new name and have become no new article either in common or commercial understanding.

If tapioca flour were still tapioca, as held in *Chew Hing Lung* v. *Wise*, 176 U. S. 156, it is difficult for me to understand why these pistache nuts are not still pistache nuts.

In *Neuman & Schwiers Co. et al.* v. *United States*, 4 Ct. Cust. Appls. 64, we held that hams which had been cured, cooked, the

bone removed, and packed in hermetically sealed cans, were classifiable under the *eo nomine* provision for hams, rather than as *meats of all kinds* prepared or preserved, not specially provided for.

In *Brown & Co.* v. *United States*, 6 Ct. Cust. Appls. 415, soya beans, cooked, perhaps salted to some extent for preservation, and packed in tins, jars, or similar packages, were held entitled to free entry under the *eo nomine* provision for soya beans, rather than dutiable as *beans, prepared or preserved*, or contained in tins, jars, or similar packages.

In *Mawer Co.* v. *United States*, 7 Ct. Cust. Appls. 493, olives, which were concededly edible fruits and which had been pitted, sterilized, soaked in salt water, then stuffed with pimiento, also sterilized and soaked in like manner, were held classifiable under an *eo nomine* provision for olives and not under the provision for *all edible fruits prepared in any manner* and not specially provided for.

I can not escape the conclusion that the effect of the court's decision is to overrule the three cases last referred to, nor can I see why it does not set at naught the rule of *eo nomine* interpretation so often announced by the Supreme Court. It also disregards the rule, which might well be invoked, that where the meaning of a statute imposing a tax is doubtful, the taxpayer is entitled to the benefit of such doubt.

The court's opinion carried to its logical conclusion will require that almonds, walnuts, peanuts, filberts, pecans, pistache, pignolia, and Brazil nuts, the shells of which have been cracked without removing the meats therefrom, be classified under paragraph 759 because such treatment would be some preparation of the nuts; the same result would follow if the meats of pistache, pignolia, Brazil nuts, and coconuts are removed from the shells, because paragraphs 755 and 756 do not in terms refer to such nuts when shelled. If the skins are removed from almond meats or from peanuts they also will be prepared and classifiable under paragraph 759.

Of course, if any of the foregoing meats are salted, they will thereby become dutiable under paragraph 759 notwithstanding the fact that a common way of using most nuts for food is with salt. Can it be that Congress intended that nuts removed from the shells and salted, thereby being made ready for consumption, should be classified under paragraph 759?

Some reliance is apparently placed upon the third provision of paragraph 759 for "nut and kernel paste not specially provided for," as supporting the decision.

That is clearly an independent provision indicating that nut and kernel pastes, whether made from edible or nonedible nuts, were regarded by Congress as separate tariff entities, like tomato paste in paragraph 770, fish paste in paragraph 721, alimentary paste in para-

graph 725 and the pastes mentioned in paragraph 62.    I do not understand how it at all justifies the interpretation given by the court to the first part of the paragraph.

In my opinion the judgment of the court below should be *affirmed*. SMITH, J., concurs in this dissent.