CONKEY & CO. ET AL. *v.* UNITED STATES (No. 2917)[1]

United States Court of Customs Appeals, January 30, 1928

*Waterhouse & Lockett* (*William E. Waterhouse* of counsel) for appellants.

*Charles D. Lawrence,* Assistant Attorney General (*Marcus Higginbotham,* special attorney, of counsel), for the United States.

[1] T. D. 42587.

[Oral argument December 8, 1927, by Mr. Waterhouse and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The case at bar concerns three entries of pistachio nuts, cracked, roasted, and salted. They were classified for duty as edible nuts, prepared or preserved, under paragraph 759 of the Tariff Act of 1922, and were claimed to be dutiable as pistache nuts, under paragraph 755 thereof. The respective paragraphs are as follows:

PAR. 755. Cream or Brazil nuts, 1 cent per pound; filberts, not shelled, 2½ cents per pound; shelled, 5 cents per pound; pignolia nuts, 1 cent per pound; pistache nuts, 1 cent per pound.

PAR. 759. Edible nuts, shelled or unshelled, not specially provided for, 1 cent per pound; pickled, or otherwise prepared or preserved, and not specially provided for, 35 per centum ad valorem; nut and kernel paste not specially provided for, 25 per centum ad valorem: *Provided,* That no allowance shall be made for dirt or other impurities in nuts of any kind, shelled or unshelled.

The Customs Court overruled the protests and the importers have appealed.

In *United States* v. *Sheldon & Co.*, 14 Ct. Cust. Appls. 228, T. D. 41708, the classification of exactly similar merchandise was before this court, with exactly the same contesting provisions of the Tariff Act of 1922, the case being submitted to the court below on the appraiser's report and the official sample. In passing upon the issues this court said:

Paragraphs 755, 757, and 758 provide for nuts of various kinds, but there is no provision in any of those paragraphs for such nuts, pickled, or otherwise preserved, or for the paste of such nuts.

The pistache nuts involved herein have been salted and roasted, and as they are either prepared or preserved or both, and as they in such condition are not specially provided for elsewhere, they are therefore provided for in paragraph 759.

It has been suggested that to hold the imported merchandise dutiable under paragraph 759 would be contrary to the rule that an eo nomine designation includes the article named in all its conditions and forms. We think not. It has been many times held that the rule that an eo nomine designation prevails over words of general description, and that such designation was intended by the Congress to include all such commodities as came within the meaning of the word employed, is but a rule of interpretation or construction, and is not controlling *where the Congress has indicated a contrary intention.*

\* \* \* \* \* \* \*

In our opinion, pistache nuts, pickled, or otherwise prepared or preserved, are provided for in paragraph 759, and, as they, when prepared or preserved by salting and roasting, are not otherwise specially provided for, they are dutiable under the specific provision therefor in paragraph 759.

It must be conceded that the *Sheldon* case is *stare decisis* here, unless the present record contains matters which force a different construction.

We have examined the record carefully and find that the only element additional to those present in the *Sheldon* case, *supra,* is

found in attempted proof of commercial designation. The Government produced two witnesses, who testified, in substance, that the term pistache or pistachio nuts, prior to the enactment of the Tariff Act of 1922, referred to shelled nuts, neither roasted nor salted, and that the roasted and salted nuts were known as "foreign roasted and salted pistachio nuts." These witnesses seem to have been qualified to express an opinion on that subject. Three other witnesses were called by the Government, who were probably not qualified to testify as to trade designation, but who testified to substantially the same facts. The importers then called two dealers in pistachio nuts, probably qualified to speak of the trade generally, who stated that, in the trade prior to 1922, the term pistache or pistachio nuts would be understood to mean such nuts which had been roasted and salted.

The Customs Court made no finding on the matter of commercial designation, holding that it did not consider the question of commercial designation to be involved in the case.

Whether the matter of commercial designation is involved or not, it is obvious that there is not, in this record, any sufficient showing that there was a commercial designation of the term "pistache nuts" or "roasted and salted pistache nuts," which would necessitate a different conclusion from that arrived at by the court below. Nor is there anything in such testimony which materially changes the issues as presented to this court in the *Sheldon* case, *supra*.

Therefore, following the authority cited, the judgment of the court below is *affirmed*.

BARBER and SMITH, JJ., concur on the ground of *stare decisis*.