**No. 44457.**—Protests 997409–G, etc., of Spanish American Skin Co., Inc., et al. (New York).

Opinion by WALKER, J. In accordance with stipulation of counsel and on the authority of *Steinberger* v. *United States* (3 Cust. Ct. 187, C. D. 229) the chamois leather in question was held dutiable at 20 percent under paragraph 1530 (c) as claimed.

**No. 44458.**—Protest 987748–G of Armand Katz Co. (New York).

Opinion by WALKER, J. In accordance with stipulation of counsel and on the authority of Abstract 41389 the merchandise in question was held dutiable at 10 percent under paragraph 1555 as claimed.

**No. 44459.**—Protests 985813–G, etc., of Frazar & Co. et al. (Boston).

Opinion by WALKER, J. It was stipulated that the boxes in question are similar to those the subject of *Nozaki* v. *United States* (1 Cust. Ct. 262, C. D. 61). The claim for free entry as usual containers of specific duty merchandise was therefore sustained.

**No. 44460.**—Protests 868083–G, etc., of Eastman Kodak Co. (Rochester).

Opinion by WALKER, J. In accordance with stipulation of counsel and on the authority of *United States* v. *Grumbacher* (27 C. C. P. A. 166, C. A. D. 80) the hair pencils in question were held dutiable at only 40 percent under paragraph 1506.

**No. 44461.**—Protest 28892–K of Sam Levy (New York).

Opinion by WALKER, J. In accordance with stipulation of counsel and on the authority of Abstract 8883 leather boxes containing perfumery were held dutiable at 30 percent under paragraph 1432 as claimed.

**No. 44462.**—Protest 26810–K of Freedman & Salter, Inc. (New York).

Opinion by WALKER, J. The appraiser reported that the container in question was not a lift van but an ordinary sling case not suitable for repeated use and was virtually destroyed on opening and that they are now being classified as the usual containers of household effects. On the record presented the claim for free entry for the sling case in question was sustained.