(C. D. 578)

S. T. Linhart *v.* United States

United States Customs Court, Third Division

(Decided January 5, 1942)

Strauss & Hedges (Howard C. Carter of counsel) for the plaintiff.
Paul P. Rao, Assistant Attorney General (Alfred A. Taylor, Jr., special attorney), for the defendant.

Before Cline and Keefe, Judges

Cline, Judge: This is an action against the United States in which the plaintiff seeks to recover a portion of the money paid as customs duties upon importations of candied orange slices imported at the port of New York. The collector of customs at that port assessed duty at the rate of 25 per centum ad valorem under the provisions of paragraph 752 of the Tariff Act of 1930 as modified by the Trade Agreement with France (T. D. 48316). Plaintiff, the importer of the commodity, claims that duty should have been assessed at 1 cent per pound, the rate provided for in paragraph 743 of the same law for oranges.

The provisions of the statute involved are as follows:

Par. 752. [as modified] * * * candied, crystallized, or glacé apricots, figs, dates, peaches, pears, plums, prunes, prunelles, berries, and other fruits not specially provided for 25 per centum ad val.

Par. 743. * * *; oranges, 1 cent per pound; * * *.

A sample of the imported commodity was admitted in evidence. It consists of rather thick slices which have been cut across the orange and include the skin, segments, and pulp. These whole slices are candied or glacé. From the testimony it appears that they are packed in 5-pound wooden boxes each slice being loose in the box and separated by pads and other paper wrappings.

In support of its position that this commodity is a form of orange and that the provision in the statute, paragraph 743, above set forth, being without qualification, includes all forms of oranges, plaintiff cited the case of *Nozaki Bros. v. United States*, Abstract 25335, affirmed on rehearing in Abstract 32355. In that case the court held that canned mandarin oranges which had been peeled, the segments separated and the membrane removed, were dutiable under the provision for oranges in paragraph 743, *supra*. That decision cited the case of *Nootka Packing Co., et al. v. United States*, 22 C. C. P. A. 464, T. D. 47464, in which the court stated the law to be as follows:

The clear weight of the authorities on the subject is that an *eo nomine* statutory designation of an article, without limitations *or a shown contrary legislative intent*, judicial decision, or administrative practice to the contrary, and without proof of commercial designation, will include all forms of said article. [Italics supplied.]

The case of *Balfour Guthrie & Co., Ltd. v. United States*, 5 Cust. Ct. 180, C. D. 397, was also cited. In none of the above was there shown "a contrary legislative intent."

By referring to the legislative history of the provision for oranges we find the following. The tariff acts of 1790, 1846, 1864 and 1870 provided for oranges without qualifying words. In the act of 1874 they were provided for according to their packing, that is, in boxes and barrels and packages. The acts of 1897 and 1909 contained no

qualification. In 1913 they were again classified according to packing and in 1922 the legislature returned to the unqualified designation. This was carried forward in the present act in paragraph 743, *supra*.

In the case of *Oreste Franchi* v. *United States*, 56 Treas. Dec. 562, T. D. 43710, the court had before it mandarins, a variety of small orange imported in barrels in brine, and held them to be properly dutiable as fruits in brine rather than under the unqualified provision for oranges in the Tariff Act of 1922. This is in line with a well-recognized line of decisions. The court in deciding that case used the following language:

> We are not at liberty under the present state of the law, in our opinion, to find that a simple naming of a commodity is more specific than its description in some other manner. There is a considerable number of cases which seem to justify the position taken by the plaintiff, that an *eo nomine* designation prevails over a general description, according to which they claim a rule has been established. In our judgment, however, the rule is more "honored in the breach than in the observance."
>
> We think the cases cited below are more in point and convincing when all things are considered than those cited by the plaintiff.
>
> *    *    *    *    *    *    *
>
> In the case of *United States* v. *Reiss*, 136 Fed. 741, figs preserved in sugar, spirits, or their own juice were held dutiable as fruits in sugar, spirits, or their own juice as against the specific provision for figs. In *Meyer* v. *United States*, 4 Ct. Cust. Appls. 422, T. D. 33855, the court held that plums preserved in sirup, sugar, or their own juice were dutiable under the provision for fruits of all kinds, preserved, rather than under the specific provision for plums. The case of *Moscahlades* v. *United States*, 13 Ct. Cust. Appls. 633, T. D. 41482, held that olives imported immersed in a liquid that did not constitute brine were dutiable under the general provision for fruits, prepared or preserved, rather than under the specific provision for olives. So in *United States* v. *Sheldon*, 14 Ct. Cust. Appls. 228, T. D. 41708, pistachio nuts which had been roasted and salted and the shells cracked open at the end were held dutiable as "edible nuts pickled, or otherwise prepared or preserved, and not specially provided for," rather than under the *eo nomine* designation for pistachio nuts. Moreover, in a recent case we have a decision handed down by the Court of Customs Appeals in *United States* v. *LaManna, Azema & Farnan et al.*, 14 Ct. Cust. Appls. 123, T. D. 41647, wherein the classification of onions was involved. Notwithstanding the specific designation of onions in the statute, without words of limitation, small onions, peeled, in brine, or pickled, were held to be dutiable as pickled vegetables, rather than onions by the pound.

The cases cited by the court are in line with earlier decisions. In *Brennan* v. *United States*, 136 Fed. 743, decided by the Circuit Court of Appeals in 1905, which involved the question of whether limes pickled or in brine were properly dutiable as fruits in brine or under the *eo nomine* provision for limes, the court, after reviewing certain decisions, said:

> Such decisions tend more or less to sustain the proposition that, notwithstanding an article may be literally included within a designation *eo nomine*

contained in a certain paragraph of the customs laws, yet, on account of its relations to a peculiar class, it should be referred to some other paragraph. Therefore it is that sometimes the ordinary rule that articles are not dutiable under general terms when a duty is imposed in specific language leaves it to be determined what is specific language, and whether it is that which contains a designation *eo nomine* or that which describes a class. Evidently, language referring to the latter may be, under some circumstances, the more specific; and such apparently is the case at bar.

In the case now before us the statute contains a special provision for such glacé fruits, an indication that the legislature intended to segregate fruits prepared in that way and to provide a special rate therefor. In the light of such a legislative intent and under authority of the decisions above cited, we find that the orange slices here involved are properly dutiable under the provision in paragraph 752, *supra*, as modified by the trade agreement with France, as candied or glacé fruits at 25 per centum ad valorem, rather than as oranges as claimed by the plaintiff. Judgment will therefore be rendered for the defendant. It is so ordered.