(C. D. 760)

S. T. LINHART v. UNITED STATES

United States Customs Court, Third Division

(Decided April 21, 1943)

*Strauss & Hedges, Barnes, Richardson & Colburn* (*Howard C. Carter* and *J. Bradley Colburn* of counsel), for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Alfred A. Taylor, Jr.,* special attorney), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

CLINE, Judge:  This is a suit against the United States in which the plaintiff seeks to recover part of the duty assessed on certain candied or glace slices of oranges which were assessed with duty at the rate of 25 per centum ad valorem under paragraph 752 of the Tariff Act of 1930, as modified by the trade agreement with France, T. D. 48316.  It is claimed that the articles are dutiable at 1 cent per pound under the *eo nomine* provision for "oranges" in paragraph 743. This is a rehearing, the case having been decided previously in *S. T. Linhart* v. *United States,* 8 Cust. Ct. 38, C. D. 578, adversely to the plaintiff's contention.

Eight protests were consolidated for trial and the importer testified that the merchandise consisted of fresh· orange slices, candied, imported in wooden boxes.  On cross-examination, he admitted that he had never witnessed the process of production of the commodity.  A sample of the imported goods was admitted in evidence and marked exhibit 1.  It consists of slices of unpeeled oranges coated with sugar.

· At the trial on rehearing, the case was submitted on the briefs filed at the original trial and those filed with the application for rehearing, without the introduction of further evidence.

In the brief filed with the application for rehearing, the plaintiff cites *Nozaki Bros.* v. *United States,* 64 Treas. Dec. 914, Abstract 25335, and the same case on rehearing, published in 68 Treas. Dec. 1091, Abstract 32355, which. case we considered in our original decision.  The plaintiff cited also *Nozaki Bros. et al.* v. *United States,*

71 Treas. Dec. 790, T. D. 48974, in which the record in the former case was incorporated. In all of the cases the court held that the merchandise, which consisted of segments of oranges in sirup, packed in tins, were dutiable at 1 cent per pound under the provision for oranges in paragraph 743 of the Tariff Act of 1930. The plaintiff cited also *Nozaki Bros. Inc. v. United States*, 1 Cust. Ct. 262, C. D. 61, which involved the rate of duty assessed on wooden boxes containing the same kind of merchandise. · In that case the court discussed the rulings in the former decisions, but the decision itself has no bearing on the issue herein involved.

The plaintiff claims that the above-cited authorities reverse the ruling in *Oreste Franchi v. United States*, 56 Treas. Dec. 562, T. D. 43710, cited in the court's original decision. We cannot agree with that contention because the issue in that case was not the same as that in the cases cited. There the issue was whether oranges in brine were classifiable under the provision for "oranges" under paragraph 743 of the Tariff Act of 1922 or under the provision for "fruits   *   *   * in brine" under paragraph 749. The court followed the principle announced in *Brennan v. United States*, 136 Fed. 743, wherein limes in brine were held dutiable under the provision for fruits in brine rather than under the provision for limes. However, there was one statement in the decision in *Oreste Franchi v. United States*, *supra*, with which the court evidently did not agree in the *Nozaki Bros.* cases, *supra*, and that is, "The history of the legislation therefore leads us to believe that oranges were not contemplated in any other form than in their natural condition as picked from the tree." That statement was made in regard to the provision for "oranges" in paragraph 743 of the Tariff Act of 1922.

The plaintiff cites also *Nootka Packing Co. et al. v. United States*, 22 C. C. P. A. (Customs) 464, T. D. 47464, in which case clam meat, washed, and cut into small pieces, then canned in brine, was held classifiable under the provision for "Clams, clam juice, or either in combination with other substances, packed in air-tight containers," in paragraph 721 (b) of the Tariff Act of 1930 rather than under the provision for "shellfish   *   *   * prepared or preserved in any manner   *   *   * , and not specially provided for" in paragraph 1761. That case was considered in our former decision wherein the following excerpt from that decision was quoted:

> The clear weight of the authorities on the subject is that an *eo nomine* statutory designation of an article, without limitations or a shown contrary legislative intent, judicial decision, or administrative practice to the contrary, and without proof of commerical designation, will include all forms of said article.

Many authorities are cited on pages 468 and 469 of that decision wherein the principle that an *eo nomine* provision for an article covers

all forms of that article was held not conclusive. It is evident that the court in each case endeavored to determine the legislative intent and that the above-quoted excerpt, adopting the language of the court in *United States* v. *Sheldon,* 14 Ct. Cust. Appls. 228, 230, T. D. 41708, "is but a rule of interpretation or construction, and is not controlling where the Congress has indicated a contrary intention."

In the enactment of the Tariff Act of 1930, Congress inserted a new provision in paragraph 752 not contained in the predecessor paragraph of the Tariff Act of 1922. That provision, which is the one under which the collector classified the instant merchandise, reads as follows:

PAR. 752. * * * candied, crystallized, or glacé apricots, figs, dates, peaches, pears, plums, prunes, prunelles, berries, and other fruits, not specially provided for, 40 per centum ad valorem: * * * .

In the trade agreement with France (T. D. 48316) the rate of duty on those commodities was reduced to 25 per centum ad valorem, but the language quoted in the trade agreement is the same, with the exception that the comma was omitted between the words "other fruits" and "not specially provided for." We are of opinion that the omission was an inadvertence.

It is our opinion that the words "not specially provided for" in the statute were not inserted by Congress for the purpose of excluding from the provision any candied, crystallized, or glace fruits where the fruit from which the product was made was specified elsewhere in the act. It is evident that those words were inserted to exclude from the provision any candied, crystallized, or glace fruits which are provided for elsewhere at different rates of duty, such as candied, crystallized, or glace cherries, in paragraph 737, fruit peel and citrons and citron peel, in paragraph 739, and pineapples, in paragraph 747. The wording of the provision indicates that Congress intended that such candied, crystallized, or glace fruits should be assessed at the rates provided for in those paragraphs and that all other candied, crystallized, or glace fruits should be assessed at the rates provided for in paragraph 752.

Congress singled out candied, crystallized, or glace fruits for special consideration. It is a well-settled rule of construction that as between two competing provisions the one that is new legislation should have preference. In *Murphy & Stevenson (Inc.)* v. *United States,* 13 Ct. Cust. Appls. 291, 293, T. D. 41217, the court said:

* * *. We are not insensible to the force of the statement that paragraph 1013, on table damask, is new legislation, and that Congress intended a different classification from that which had heretofore prevailed. This consideration, in our judgment, might be sufficient to overcome the difference in specificity were it not for the fact that paragraph 1014 also is new legislation.

The enactment of this new provision in paragraph 752 indicates an intent to assess a uniform rate of duty on all candied, crystallized, or

glace fruits not provided for as such in some other paragraph. Since such congressional intent is manifest from the enactment of this new provision, the merchandise herein involved comes within one of the exceptions to the settled rule of construction to the effect that an *eo nomine* statutory designation of an article, without limitation, will include all forms of said article.

We hold that the collector correctly classified the merchandise in the instant case. The protest is overruled. Judgment will be entered in favor of the defendant.