(C.D. 3973)

CHONG KEE JAN CO. ET AL. v. UNITED STATES

United States Customs Court, Third Division

(Decided March 3, 1970)

*Glad & Tuttle* (*George R. Tuttle* of counsel) for the plaintiffs.
*William D. Ruckelshaus*, Assistant Attorney General (*Harold L. Grossman* and *John A. Winters*, trial attorneys), for the defendant.

Before RICHARDSON, LANDIS, and ROSENSTEIN, Judges

ROSENSTEIN, Judge: The merchandise involved herein consists of several shipments of unshelled peanuts, identified on the invoices as either "dried and salted", "dried", "roasted" or "salted, dried" peanuts, which had been either roasted or boiled in a salt solution and then dried prior to importation. They were classified in liquidation and assessed for duty at 7 cents per pound under TSUS item 145.48,

according to the report of the district director accompanying the protests as "Other edible nuts, shelled or not shelled, otherwise prepared peanuts". Plaintiffs claim that the merchandise is dutiable at 4.25 cents per pound as peanuts, not shelled, under TSUS item 145.20.

The pertinent provisions read as follows:

Schedule 1

Part 9. Edible Nuts and Fruits

Subpart A.—Edible Nuts

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

Other edible nuts, shelled or not shelled, blanched, or otherwise prepared or preserved:

[Claimed]     Not shelled:

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

145.20         Peanuts _____ 4.25¢ per lb.

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

[Classified]   Shelled, blanched, or otherwise prepared or preserved:

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

145.48         Peanuts _____ 7¢ per lb.

Plaintiffs do not deny that the peanuts are "otherwise prepared" within the language of the aforequoted superior heading to the competing provisions herein,[1] but claim that they are properly classifiable as peanuts "not shelled"; and that this is an *eo nomine* provision which "includes all forms of the article unless a contrary legislative intent is shown", citing *Nootka Packing Co. et al.* v. *United States*, 22 CCPA 464, T.D. 47464 (1935) and *Smillie & Co.* v. *United States*, 11 Ct. Cust. Appls. 199, T.D. 38966 (1921).

Defendant contends that the superior heading, "Shelled, blanched, or otherwise prepared or preserved", which governs item 145.48, should be read in the disjunctive, and that shelling is not a prerequisite for the other categories named therein.

The rule that an *eo nomine* designation prevails over words of general description, and that such designation is intended by Congress to include all such commodities as come within the meaning of the word employed, is but a rule of interpretation or construction which is not controlling where Congress has indicated a contrary intention. *United States* v. *Charles R. Allen, Inc., et al.*, 37 CCPA 110, C.A.D.

---

[1] We find, moreover, that peanuts which have been treated by boiling or roasting, and drying, are "prepared" within the context of the tariff provision. See *United States* v. *Sheldon & Co.*, 14 Ct. Cust. Appls. 228, T.D. 41708 (1926) ; *Conkey & Co. et al.* v. *United States*, 15 Ct. Cust. Appls. 406, T.D. 42587 (1928) ; *Brown & Co.* v. *United States*, 6 Ct. Cust. Appls. 415, T.D. 35977 (1915).

428 (1950) ; *United States* v. *Sheldon & Co.*, 14 Ct. Cust. Appls. 228, T.D. 41708 (1926).

We find that the legislative history of the provisions in issue compels a conclusion contrary to that contended for by plaintiffs and supports the district director's classification.

The explanatory notes to Schedule 1 of the *Tariff Classification Study*, November 15, 1960 (which was prepared by the Tariff Commission and is regarded by the courts as a source of legislative history of the revised tariff schedules, *W. R. Filbin & Co., Inc.* v. *United States*, 63 Cust. Ct. 200, C.D. 3897 (1969)), indicate that, with a few minor exceptions not pertinent hereto, the existing provisions for edible nuts set out in the Tariff Act of 1930 were to be carried over into the proposed revised tariff schedules.[2] Thus, the notes state, at page 137 :

> For the most part the grouping and rearrangement involves no rate changes and such rate changes as are involved are of little economic importance and will have only an insignificant effect on trade. The changes are all in subpart A and are explained below.

> Subpart A

> Subpart A combines the existing provisions for edible nuts (found in paragraphs 756–761, 1558, and 1646), into items 145.01–145.90, except for glace nuts, which are included in subpart D of this part. Incidental rate changes on articles of negligible economic significance are as follows: * * *

To the same effect is the following statement in Schedule 1, Volume 7 of the *Summaries of Trade and Tariff Information*, 1968, published by the United States Tariff Commission (page 276) :

> The TSUS rates of duty for inshell (item 145.20) and shelled, blanched, or otherwise prepared or preserved peanuts (item 145.48) are those originally provided for in the Tariff Act of 1930. * * *

Therefore, in order to properly construe items 145.20 and 145.48 in terms of the Congressional intent, we must look to their predecessor provision, paragraph 759 of the Tariff Act of 1930, which reads as follows:

> Par. 759. Peanuts, not shelled, 4¼ cents per pound; shelled, 7 cents per pound; blanched, salted, prepared, or preserved, not specially provided for, and peanut butter, 7 cents per pound.

Almost the same issue as the one before us, but involving this paragraph, was the subject of *United States* v. *Wo Kee & Co.*, 21

---

[2] The Tariff Classification Act of 1962, Pub. L. 87–456, adopted the proposed revised schedules contained in the *Tariff Classification Study, supra,* as changed by the *First Supplemental Report,* January, 1962. The *Report* made only a few minor rate changes in the edible nuts schedule.

CCPA 341, T.D. 46880 (1934). In that case, the trial court held that unshelled, salted peanuts, which had been classified as peanuts "blanched, salted, prepared, or preserved, not specially provided for", were more directly provided for as peanuts "not shelled", stating that peanuts were provided for in paragraph 759 in progression "from the crude to what might be called a finished state." [3]

The appellate court found that the peanuts were properly classifiable under the latter clause and reversed the trial court, stating (21 CCPA at 346) :

> While the imported goods fall within the broad term "peanuts, not shelled", they also fall within the provision for peanuts "* * * salted, prepared, or preserved, not specially provided for", and although the provision does not mention *unshelled* salted peanuts, we think, in view of all the circumstances, that they should be held to be dutiable as "peanuts * * * salted, prepared, or preserved, not specially provided for" rather than under the first part of the paragraph. To hold otherwise would result in the anomaly of peanuts which have been salted, and in this way having been prepared or preserved, taking no higher rate of duty than the peanuts in their natural state, and in view of the consideration hereinbefore expressed, we cannot believe that this was the congressional intent. [Emphasis copied.]

Thus, under the 1930 Act, unshelled peanuts which have been prepared or preserved are removed from the "not shelled" category and take classification under the third clause of paragraph 759.

Our appellate court took the same position with respect to unshelled, prepared walnuts in *United States* v. *John Sexton & Co.*, 22 CCPA 211, T.D. 47140 (1934), in construing paragraph 760 of the Tariff Act of 1930, which reads as follows:

> Par. 760. Walnuts of all kinds, not shelled, 5 cents per pound; shelled, 15 cents per pound; blanched, roasted, prepared, or preserved, including walnut paste, 15 cents per pound; pecans, unshelled, 5 cents per pound; shelled, 10 cents per pound.

In that case, unshelled walnuts in brine, classified as prepared walnuts, were claimed properly classifiable as walnuts "not shelled" under the foregoing provision. Our court of appeals reversed the trial court's holding, which had sustained the protest, and, citing *United States* v. *Wo Kee & Co.*, *supra*, stated (22 CCPA at 213) :

> It is contended by the importer, and this view was seemingly adpoted by the trial court, that if walnuts be not shelled, they are dutiable at 5 cents per pound under the first clause in the paragraph, and that the duty rate of 15 cents per pound for

---

[3] *Wo Kee & Co.* v. *United States,* 63 Treas. Dec. 1261, Abstract 22915 (1933). The court found that "the first clause provides for peanuts not shelled, the second clause for shelled peanuts, and the third clause for peanuts which have been further processed."

walnuts "blanched, roasted, prepared, or preserved, including walnut paste", ought only to be applied where the walnuts have been shelled and then prepared. However, there is no warrant for such a view within the language of this paragraph. If they be walnuts, and if they are blanched, roasted, prepared, or preserved, then the language plainly provides that a duty rate of 15 cents per pound shall be applied.

No reason appears why a walnut may not be prepared or preserved and still be unshelled, so far as the language of this paragraph provides.

Therefore, it is well established, under the authority of the *Wo Kee* and *Sexton* cases, *supra*, that unshelled and prepared or preserved peanuts and walnuts are assessed at the same rate of duty as the same nuts, shelled and prepared or preserved.

Knowledge of these decisions is imputed to Congress. *Firestone Tire & Rubber Co.* v. *United States*, 10 Cust. Ct. 227, C.D. 759 (1943). Accordingly, where the *Tariff Classification Study* indicates an intent to retain in the proposed revised schedules the "existing treatment" of an article under a provision of the 1930 Act, and the existing treatment includes a judicial determination as to the classification of that article, the determination is to be followed for classifying purposes in TSUS. *Andrew Dossett, Imp., Inc.* v. *United States*, 59 Cust Ct. 350, 354, C.D. 3167 (1967).

In light of the foregoing, we find that the unshelled, prepared peanuts at bar are properly dutiable under TSUS item 145.48.

The protests are overruled. Judgment will issue accordingly.