UNITED STATES *v.* SUSSFELD (No. 9). UNITED STATES *v.* BERST (No. 51).[1]

MOVING PICTURE FILMS—PHOTOGRAPHS.

Cinematograph, or moving picture, films are photographs and were dutiable under paragraph 403, tariff act of 1897.

United States Court of Customs Appeals, October 28, 1910.

APPEALS from the Circuit Court of the United States for the Southern District of New York (T. D. 30146–T. D. 29643).

[Affirmed.]

*D. Frank Lloyd,* Assistant Attorney General (*Thomas J. Doherty* on the brief), for the United States.

*Comstock & Washburn* for J. A. Berst; *Curie, Smith & Maxwell* for Sussfeld, Lorsch & Co., appellees.

Before MONTGOMERY, HUNT, SMITH, and BARBER, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

These appeals are from a decision of the Circuit Court for the Southern District of New York affirming the decision of the Board of United States General Appraisers, G. A. 6889 (T. D. 29643).

The importations in question were moving-picture films, so called. The articles had been assessed for duty at 65 cents per pound and 25 per cent ad valorem as celluloid articles, under the provisions of paragraph 17 of the tariff act of 1897, which reads as follows:

Collodion and all compounds of pyroxylin, whether known as celluloid or by any other name, fifty cents per pound; rolled or in sheets, unpolished, and not made up into articles, sixty cents per pound; if in finished or partly finished articles, and articles of which collodion or any compound of pyroxylin is the component material of chief value, sixty-five cents per pound and twenty-five per centum ad valorem.

---

[1] Reported in T. D. 31030 (19 Treas. Dec., 1103).

The importers claimed that the articles were properly dutiable as photographs under paragraph 403 of said act, which reads as follows:

Books of all kinds, including blank books and pamphlets, and engravings bound or unbound, photographs, etchings, maps, charts, music in books or sheets, and printed matter, all the foregoing not specially provided for in this act, twenty-five per centum ad valorem.

and, alternatively, that the articles were dutiable as photographic dry plates or films under paragraph 458.

The Board of Appraisers and the circuit court sustained the protest, holding that the importations were properly classified as photographs, and the Government brings the case here by appeal.

The evidence in the record satisfies us that these articles are photographs. They come within the definition given in the Standard Dictionary of a photograph, namely, "a picture taken by photography; a picture due to the action of light on a sensitized film which may have for a support glass, celluloid, paper, or other suitable material." Not only is this true, but in the case of Edison v. Lubin (122 Fed. Rep., 240) the Circuit Court of Appeals for the Third Circuit held directly that these articles were photographs. That case was one in which the complainant proceeded under the copyright law, but the discussion of the subject of whether these are or are not photographs is full and complete. (See also American Mutoscope & Biograph Co. v. Edison Mfg. Co., 137 Fed. Rep., 262; Edison v. American Mutoscope Co., 114 Fed. Rep., 926; and Edison v. American Mutoscope & Biograph Co., 151 Fed. Rep., 767.)

So we find that the importations in question are in fact photographs; that like articles have been judicially determined to be photographs; and that photographs are named eo nomine in the section invoked by the importer. It would seem, therefore, that unless some excellent reason can be furnished for giving the term photograph as used in the tariff act a different meaning from that which is given by the lexicographers and by the courts, the decision of the circuit court was right.

It is urged in the brief of counsel for the Government that the Federal cases cited are not in point, for the reason, as stated, that extreme liberality marks the interpretation of the copyright laws, and that decisions under that statute are unsafe precedents to follow in construing the tariff law. We need not determine whether counsel for the Government is correct is asserting that the courts are uniformly liberal in construing the copyright laws. If he is correct in this, it is equally true that the courts are liberal in favor of the importer in construing revenue statutes. See Hartranft v. Wiegmann (121 U. S., 609); Swan & Finch Co. v. United States (190 U. S., 143); and Eidman v. Martinez (184 U. S., 583).

It is further urged by the appellant that by a long-continued construction of the Treasury Department and the Board of Appraisers

prior to the naming of photographs *eo nomine* in the tariff act, which first occurred in the act of 1890, as well as since that time, has placed a meaning upon the term "photograph" which limits it to photographs on paper. We have examined with care the various Treasury decisions cited. It can be said of them that none of the cases deals with precisely such an article as that involved in this case. It is true that the department, prior to the tariff act of 1890, classified photographs by similitude as engravings, and usually limited such classification to photographs on paper, although the cases in which this question arose were usually cases where the photographs were mounted on glass and where the glass was the article of chief value. But in T. D. 6168, covered mounted photographs were held dutiable at 25 per cent ad valorem by similitude to engravings. The decision says:

> The articles consist of photographic views of important places abroad, which are framed and mounted in a cheap manner for the purpose of being used in an instrument called the stereopticon. The sample transmitted indicates that the photographic view is the leading feature and portion of chief value, and that the mounting and frame are only incidents in connection with the proposed use of the view.

So it would appear that prior to the tariff act of 1890 these articles were classified either as engravings by similitude or as unenumerated manufactured articles. But, as before stated, we have discovered no decision in which articles of precisely the character of the present were classified according to the material of which they were composed.

We think there was no such established meaning to these words as prevents our giving them their commonly accepted meaning and the meaning judicially ascribed to these words by courts of high authority. The case was rightly decided and the decision of the circuit court and of the Board of General Appraisers is affirmed.

DE VRIES, Associate Judge, being disqualified, took no part in the hearing or decision of this case.