## McLaughlin & Freeman v. United States (No. 3237)[1]

United States Court of Customs and Patent Appeals, June 4, 1930

*Joseph F. Lockett* for appellant.
*Charles D. Lawrence,* Assistant Attorney General (*Ralph Folks* and *Oscar Igstaedter,* special attorneys, of counsel), for the United States.

[Oral argument April 18, 1930, by Mr. Lockett and Mr. Igstaedter]

Before Graham, Presiding Judge, and Bland, Hatfield, Garrett, and Lenroot, Associate Judges

Garrett, Judge, delivered the opinion of the court:

This cause was originally heard by this court on October 15, 1929, and on November 25, 1929, the judgment of the Customs Court was affirmed in an opinion by Presiding Judge Graham, 17 C. C. P. A. 302, T. D. 43717.

Within the time fixed by the rules of the court appellant filed an application for rehearing, which after due consideration was granted by the court, and the case was reargued April 18, 1930.

In our original opinion it was stated:

Certain ornamental framed pictures on glass were entered by appellant at the port of Boston as articles composed in chief value of glass under paragraph 218 of the Tariff Act of 1922, and the frames were separately entered as manufactures of wood under paragraph 410 of said act. The collector classified both frames and photographs as entireties, as decorated or ornamented articles composed in chief value of glass, at 55 per centum ad valorem, under said paragraph 218. Thereupon the importer protested, claiming the goods to be dutiable as entireties as photographs under paragraph 1310 of said act, or, alternatively, under paragraph 1459 as nonenumerated manufactured or unmanufactured articles.

---

[1] T. D. 44094.

In the petition for rehearing it was said:

The appellant respectfully points out to the court that the merchandise in question was not classified by the collector "as entireties." The official invoices which are before the court show that the photographs on glass were classified at 55 per centum under said paragraph 218, the frames which were of wood were classified as in chief value of wood at 33⅓ per centum under paragraph 410, and the frames which were of metal were classified as in chief value of metal at 40 per centum under paragraph· 399, all of the act of 1922.

During the argument upon the rehearing there was filed a stipulation of counsel for the respective parties, the text of which reads as follows:

It is hereby stipulated and agreed between counsel in the above-entitled matter as follows:

1. That Exhibits 1 and 2 represent the merchandise as imported.

2. That the collector classified the frames of Exhibits 1 and 2 in accordance with their component material of chief value, to wit: Frames in chief value of wood at 33⅓ per centum under paragraph 410; frames in chief value of metal at 40 per centum under paragraph 399.

3. That the collector classified that portion of Exhibits 1 and 2 exclusive of the frames at 55 per centum under paragraph 218.

4. That the protests herein apply only to that portion of Exhibits 1 and 2 exclusive of the frames.

The foregoing stipulation serves to clarify the nature of the collector's procedure in classifying the merchandise involved. From the record as presented to us at the original hearing in this court we concluded that the articles were classified as entireties. In our former opinion reference was made to a stipulation which was entered into orally at the argument on October 15, 1929, and subsequently withdrawn by appellant's counsel by formal letter, he stating that he had entered into it under a misapprehension of the facts. This withdrawal had the effect of leaving us under the impression, in view of the state of the record, that the goods were dealt with as entireties.

This question of fact being clarified, it now appears that the frames were classified by themselves, as separate entireties, under paragraphs 410 and 399, respectively, of the Tariff Act of 1922, while the glass portions of the articles upon which the pictures appear were classified and assessed by themselves, under paragraph 218 of said act.

There being no contest here over the frames, we are concerned only with the question of whether the pictures on glass were correctly classified and returned for duty "as articles of glass, printed, dutiable at 55 per cent." Such was the holding of the collector, and same was approved by the Customs Court.

Appellant insists that they should be classified and assessed at 25 per centum ad valorem under paragraph 1310, as "photographs," or, in the alternative, under paragraph 1459, which reads as follows:

PAR. 1459. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of 10

per centum ad valorem, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

It does not appear to us that paragraph 1459 is applicable to the merchandise and we therefore dismiss that from further consideration. It is proper to say that this paragraph was not particularly pressed in the argument of the case at either hearing before us.

There is on file in the case as illustrative Exhibit A what purports to be, and what we understand to be, a photograph on glass. This apparently consists of an image of trees, etc., taken by the ordinary photographic process. A negative was made in or by a photographic camera and this negative was then applied to sensitized glass which by the action of the light gave the result of the positive photograph. That, according to the testimony, was an actual photograph "after being tinted."

The merchandise in issue, however, was not imported in that condition. Exhibits 1 and 2 show the articles as actually imported. These are images taken by ordinary photographic processes and transferred to sensitized glass just as occurred in the case of illustrative Exhibit A, but the glass upon which the tinted images appear has undergone a still further treatment whereby its back has been gilded with some character of substance, and the front borders have likewise been treated. This gilding process constitutes no part of the photograph. We assume this treatment was for the purpose of furnishing an opaque back for the glass itself, and for ornamentation. This process has to do wholly with the glass itself and neither the frames nor the pasteboard backgrounds are involved.

It is our belief that this additional treatment of the glass renders the article more than is comprised in the dictionary definition of "photograph," as quoted in our former opinion, viz:

1. A picture or likeness obtained by photography.

It is to be remembered that paragraph 1310 of the Tariff Act of 1922 is a part of Schedule 13, Papers and Books. Glass materials or articles are nowhere mentioned in that schedule. We do not mean to hold that this fact of itself would preclude photographs on glass from being classified thereunder, since photographs are therein mentioned *eo nomine*. But, it is also to be remembered that paragraph 218 which is in Schedule 3, Earths, Earthenware, and Glassware, makes provision for "all articles of every description not specially provided for, composed wholly or in chief value of glass * * * painted, printed in any manner, * * * silvered, stained, or decorated or ornamented in any manner."

As was stated in our former opinion, the "burden rested upon the appellant to show that these articles should be classified" as it contends rather than as the collector found. In view of the treatment

which was given the glass upon which the images were impressed, we do not think it has succeeded in so doing.

The Customs Court in its opinion said:

There is nothing in this case that distinguishes it from the *Benziger* case, T. D. 42432, *supra*. The question in that case as in this was—Does the term "photograph" as set forth in paragraph 1310, without any embellishment or modification, cover a picture printed on glass in the manner described by the witnesses in this case? We think not. This article is much more than a photograph.

We do not feel that error has been shown and we see no reason to change our original decision.

The judgment of the Customs Court is *affirmed.*

LENROOT, Judge, concurs in the conclusion.

### DISSENTING OPINION

HATFIELD, Judge: I regret that I am unable to concur in the majority opinion.

Photographs are *eo nomine* provided for in paragraph 1310 of the Tariff Act of 1922.

It is elementary that an *eo nomine* designation prevails over words of general description and that such designation includes all commodities coming within the meaning of the statutory term, unless the Congress has indicated a contrary intention. *United States* v. *Sheldon & Co.*, 14 Ct. Cust. Appls. 228, T. D. 41708.

In the majority opinion it is said:

There is on file in the case as illustrative Exhibit A what purports to be, and what we understand to be, a photograph on glass. This apparently consists of an image of trees, etc., taken by the ordinary photographic process. A negative was made in or by a photographic camera and this negative was then applied to sensitized glass, which by the action of the light gave the result of the positive photograph. That, according to the testimony, was an actual photograph "after being tinted."

The merchandise in issue, however, was not imported in that condition. Exhibits 1 and 2 show the articles as actually imported. These are images taken by ordinary photographic processes and transferred to sensitized glass just as occurred in the case of illustrative Exhibit A, but the glass upon which the tinted images appear has undergone a still further treatment whereby its back has been gilded with some character of substance, and the front borders have likewise been treated. This gilding process constitutes no part of the photograph. We assume this treatment was for the purpose of furnishing an opaque back for the glass itself, and for ornamentation. This process has to do wholly with the glass itself and neither the frames nor the pasteboard backgrounds are involved.

It is our belief that this additional treatment of the glass renders the article more than is comprised in the dictionary definition of "photograph," as quoted in our former opinion, viz:

1. A picture or likeness obtained by photography.

As I understand the majority opinion it holds that, because the backs of the photographs have been gilded and the front borders

slightly decorated, the articles, admittedly photographs prior to such processing, have been taken out of the class of articles known as photographs and have become something else; just what, the majority opinion does not say.

It is true that by gilding the backs the objects in the photographs are more clearly portrayed. It is also true that the front borders have been slightly decorated. The statute, however, is not limited to poor or undecorated photographs, but includes all photographs commonly or commercially so known. If the articles in question had been so processed as to make them something other than photographs, an entirely different question would be presented. See *United States* v. *Sussfeld*, 1 Ct. Cust. Appls. 51, T. D. 31030.

For the reasons stated, I think the judgment should be reversed.