(C.D. 3995)

CONSOLIDATED INTERNATIONAL EQUIPMENT & SUPPLY CO. v.
UNITED STATES

United States Customs Court, Second Division

(Decided April 9, 1970)

*Siegel, Mandell & Davidson* (*Allan H. Kamnitz* of counsel) for the plaintiff.
*William D. Ruckelshaus*, Assistant Attorney General (*Harold L. Grossman*, trial attorney), for the defendant.

Before RAO, FORD, and NEWMAN, Judges

FORD, Judge: This action is directed against the classification of certain model K–150 Klischograph machines, as machine tools, under the provisions of paragraph 372, Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, which prescribes the rate of 15 per centum ad valorem. Plaintiff contends the Klischograph is not a machine tool as set forth in the definition contained in paragraph 372, *supra*, and does have as an essential feature an electrical element or device which therefore brings said merchandise within the purview of paragraph 353, Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739.

This court in *Consolidated International Equipment & Supply Co. v. United States*, 60 Cust. Ct. 134, C.D. 3290, 280 F. Supp. 886 (1968), had before it for consideration the involved merchandise which was

claimed therein to be printing machinery under the provisions of paragraph 372, Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108. In our decision therein we held the Klischograph machine not to be a machine tool as classified or printing machinery as claimed and accordingly overruled the protest without affirming the classification of the collector.

The pertinent portion of the provisions involved provide as follows:

Paragraph 372, as modified by T.D. 51802:

Machine tools (except jig-boring machine tools)____15% ad val.

Paragraph 372, Tariff Act of 1930:

* * * machine tools, * * * *Provided further*, That machine tools as used in this paragraph shall be held to mean any machine operating other than by hand power which employs a tool for work on metal.

Paragraph 353, Tariff Act of 1930, as modified by T.D. 52739:

Articles having as an essential feature an electrical element or device * * * finished or unfinished, wholly or in chief value of metal, and not specially provided for:

| * | * | * | * | * | * | * |
|---|---|---|---|---|---|---|

Other * * *_____  13¾% ad val.

At the outset of the trial the cases listed above were consolidated for the purpose of trial. Counsel for the respective parties stipulated that the involved Klischographs have as an essential feature an electrical element or device in the form of an electric eye scanner without which the merchandise cannot perform its intended function. Plaintiff abandoned its claim as printing machinery under paragraph 372, *supra*. Said claim is therefore dismissed.

The record in C.D. 3290, *supra*, was incorporated herein and plaintiff rested. Defendant introduced the testimony of one witness, Mr. John R. Hancock, manager of special projects of Fairchild Graphic Equipment. The testimony of the operation of the involved merchandise was set forth in the decision of the incorporated case as follows:

Actually, the original photograph is laid down after some introductory passes are made to find out the whitest white of the given original photograph, and the darkest black, and some marks made on the back for purposes of double-checking and making sure that the proper controls are used to bring up the purest whites and the purest blacks as per the original photograph. In any event, there is an electric eye that scans the original photograph, and it in turn

activates a stylus or a needle, which digs into the plastic or the metal plate, because it can be made of either substance, and depending upon its depth and width, it will either cut a wider dot or a shallower narrow dot, depending upon the values of the original photograph, and that is how the dot formation is formed with varying degrees in between the whitest spot and the darkest spot on the original.

Based upon the foregoing description and the stipulation of counsel we find the imported machine to have as an essential feature an electrical element or device which would be subject to classification as such under the provisions of paragraph 353, *supra*, as claimed unless it is a machine tool as classified.

In the incorporated case, we held that the operation of the machine on metal did not consist of "work on metal" as required by paragraph 372, *supra*. Hence it was not the kind of machine intended by Congress to fall within the purview of the provision for machine tools. *United States* v. *Kurt Orban Co., Inc.*, 47 CCPA 28, C.A.D. 724 (1959); *United States* v. *Sussfeld*, 1 Ct. Cust. Appls. 51, T.D. 31030 (1910). In view of this finding, the court did not consider it necessary to concede the fact that the machine worked on plastic as well as metal.

Subsequently, in the case of *Cengar U.S., Inc.* v. *United States*, 62 Cust. Ct. 350, C.D. 3762, 298 F. Supp. 504 (1969), this question was raised and determined by the court in its decision involving air-operated saws. The merchandise involved therein had been established as being utilized on metal, wood, rubber, fiberglass, and plastic depending upon the type of blade utilized. The court therein made the following observation:

> The legislative history concerning machine tools is amply set forth in cases already adjudicated on the subject. See *United States* v. *Georgia Pulp & Paper Mfg. Co.*, 3 Ct. Cust. Appls. 410, T.D. 32998; *United States* v. *Leigh & Butler*, 7 Ct. Cust. Appls. 228, T.D. 36512; *Alex. Benecke* v. *United States*, 30 CCPA 55, C.A.D. 214. Those cases and other authorities cited therein show a steady consistency of the courts in adhering to the tariff concept of a machine tool as one that works on metal *only*. In *Arthur W. Robinson et al.* v. *United States*, 33 Treas. Dec. 205, T.D. 37355, a machine *solely* employed for making metal snap fasteners, operated other than by hand, was held to be a machine tool; also, in *W. White* v. *United States*, 33 Treas. Dec. 514, Abs. 40936, a machine employed *exclusively* to punch holes in metal plates; *The Georgia Pulp & Paper* case, limiting machine tools to those working on metal. Later cases on machine tools and parts emphasize this tariff concept. As stated in *Chas. Kurz Co.* v. *United States*, 57 Cust. Ct. 73, C.D. 2733, a part which may be used with machines other than a machine tool cannot be part of a machine tool. It

cannot meet the exclusive dedication test laid down in *United States* v. *Ford Motor Company*, 51 CCPA 22, C.A.D. 831; and *Lodge Spark Plug Co.* v. *United States*, 49 Cust. Ct. 158, C.D. 2379. [Emphasis quoted.]

The Cengar machine at bar is not dedicated to use with a metal-cutting blade. To pronounce the Cengar saw a machine tool dedicated to work on metal would be to ignore its other cutting functions.

Whether we rely upon the decision in the incorporated case or the *Cengar* case, *supra*, the holding is obvious, i.e., the imported article is not a machine tool. Accordingly, based upon the record as made herein we hold the Klischograph to be an article having as an essential feature an electrical element or device. To that extent the protests are sustained.

Judgment will be entered accordingly.