(C. D. 757)

Aoki Taiseido Book Co. *v.* United States

United States Customs Court, Second Division

(Decided April 7, 1943)

*Harper & Harper* (*Walter I. Carpeneti* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Frank X. O'Donnell, Jr.*, special attorney), for the defendant.

Before Tilson, Kincheloe, and Lawrence, Judges

Kincheloe, Judge: These suits by plaintiff against the United States are for the recovery of certain customs duty alleged to have been improperly assessed by the collector of customs at San Francisco on various books, which according to the evidence and exhibits are printed in the Japanese language and contain pictures lithographically printed or otherwise. The books were reported by the appraiser as for children's use, and as such were assessed for duty at 15 per centum ad valorem under paragraph 1410 of the Tariff Act of 1930. They are claimed to be free of duty either under paragraph 1726 of said act, as periodicals, or under paragraph 1630, as printed in languages other than English.

The respective statutes, so far as relevant, read as follows:

Par. 1410. * * *; books of paper or other material for children's use, printed lithographically or otherwise, not exceeding in weight twenty-four ounces each, with reading matter other than letters, numerals, or descriptive words, ˉ5 per centum ad valorem; * * *.

PAR. 1726. * * * periodicals; but the term "periodicals" as herein used shall be understood to embrace only unbound or paper-covered publications issued within six months of the time of entry, devoted to current literature of the day, or containing current literature as a predominant feature, and issued regularly at stated periods, as weekly, monthly, or quarterly, and bearing the date of issue.

PAR. 1630. Books and pamphlets printed wholly or chiefly in languages other than English; *. * *.

The evidence in this case consists of 12 samples, the stipulation of certain facts, and the testimony of two witnesses called by the plaintiff.

Exhibits 1 to 12, inclusive, were introduced in evidence by plaintiff as representative of most of the various books in question, entitled or invoiced as follows:

|  |  |  |
|---|---|---|
| The Kokumin—Itinensei | (Exhibit | 1) |
| " —Ninensei | " | 2 |
| " ' —Sannensei | " | 3 |
| " —Yonensei | " | 4 |
| " —Gonensei | " | 5 |
| The Yojonotomo | " | 6 |
| Syozyo Club | " | 7 . |
| Kodonomotomo | " | 8, collective |
| Kodomo No Kuni | " | 9 |
| Yonen Club | " | 10 |
| Syonen Club | " | 11, collective |
| Fujin Club | " | 12 |

At the trial it was stipulated that exhibits 1 to 11 were magazines for children's use, issued monthly, and bearing the date of issue. Each copy is under 24 ounces in weight. They are printed chiefly in a language other than English, namely, Japanese; that they contain stories written for the respective magazines as predominant features: and that they were issued within 6 months of the time of entry.

As to exhibit 12 it was stipulated to be a supplement to the magazine, Fujin Club; that it is a book for children's use, and that it is not issued monthly; that it is under 24 ounces in weight, and that it is printed chiefly in a language other than English.

It was further stipulated that the books invoiced as "Yochien" and "Yonen Chizhuki" are magazines for children's use; that they are issued monthly, and bear the date of issue; that they are printed chiefly in a language other than English, namely, Japanese; that they contain stories written for the said magazines as predominant features, and that they were issued within 6 months of the time of entry.

Susumi Imai was a witness for the plaintiff. He testified that he is sales manager of the plaintiff company; that exhibit 1 ("The Kokumin-Itinensei) is sold to children; that the word "Itinensci" means first grade, and that a literal translation of the Japanese characters marked

on the face thereon "A," "B," and "C," means first-year student; that he has seen it used in schools in the United States and Japan by children 7 years of age; that exhibits 2, 3, 4, and 5, are for the reading of second-, third-, fourth-, and fifth-year students, of the ages of 8, 9, 10, and 11 years, respectively; that exhibit 6 is used by children 6 or 7 years old; exhibit 7 by children 9 to 12 years; exhibits 8 and 9 by children 7 or 8 years; exhibit 10 by children 10 to 12 years old; exhibit 11 by children 10 to 13 years; and exhibit 12 by children 7 to 9 years; that the book "Yochien" is read by children 7 or 8 years old, and is similar to exhibit 9; and that "Yonen Chiskihi" is read by children 10 to 13 years old, and is similar to exhibit 10.

The second witness for the plaintiff, Sahuro Kido, was an attorney of Japanese extraction who reads Japanese. He read and translated into English the title of the stories in exhibit 1, as follows: "Hide and Seek in the Forest," Monkey and the Grapes," "To go by the Bugle," "Child of Saglihan," "Story of the Mountain Country Boy," the "Characters of China," and "Children's Leader," all of which are stories by Japanese teachers. He also read the title contents of exhibit 5, as follows: "Benefits of Water," "The Diplomacy of Sho-toku-Taishi," "The Old Man and his Labor," and "Glass Island." He also stated that exhibit 5 has Chinese characters as well as Japanese characters in its table of contents, showing that it is for even more advanced students.

In conclusion it was stipulated herein that exhibits 1 to 5 contain stories for children within the range of ages as described by witness Imai, and that the remaining exhibits contain the type of stories suitable for children of the ages testified to by the same witness (R. 19).

In the case of Petry v. United States, 7 Treas. Dec. 122, T. D. 24948, the Circuit Court of Appeals, S. C., held that the provision in paragraph 400 of the Tariff Act of 1897, for "books of paper or other material for children's use, containing illuminated lithographic prints, not exceeding in weight twenty-four ounces each," to be more specific than that in paragraph 502 of said act, admitting to free entry "books * * * printed exclusively in languages other than English."

In Milton Snedeker Corp. v. United States, T. D. 43253, this court held that certain children's books printed entirely in the Finnish language and of bona fide foreign authorship were more specifically provided for as books for children's use, etc., at 25 per centum ad valorem under paragraph 1310 of the act of 1922, than as "books of bona fide foreign authorship" under the same paragraph.

In Westermann v. United States, 17 C. C. P. A. 75, T. D. 43361, certain books containing pictures and stories such as "Cinderella," "Little Red Riding Hood," and "Grimm's Fairy Tales," were held more properly dutiable as books for children's use, etc., under paragraph 1310 of the Tariff Act of 1922, than as "toy books without

reading matter other than letters, numerals, or descriptive words" under paragraph 1414 of said act.

As to what constitutes books for children's use within the meaning of paragraph 1410 of the present Tariff Act of 1930, we think a fairly definite rule has been laid down in the case of *United States* v. *Warne & Co.*, 18 C. C. P. A. 380, T. D. 44638, wherein our appellate court had before it the language of paragraph 1310 of the Tariff Act of 1922, which is identical to that of paragraph 1410 of the present act of 1930, except that in paragraph 1310 of the former act it stated, "more reading matter than," whereas in paragraph 1410 of the present act it states, reading matter other than." This difference in language is however immaterial, because in the same case the appellate court held that the words "more reading matter than" in said paragraph 1310 were used in the same sense as the words "reading matter other than" in the provision of paragraph 1414 of the act of 1922 for "toy books without reading matter other than letters, numerals, or descriptive words." In other words, the provision for children's books in said paragraph 1310 was held, in effect, to be the counterpart of the provision for toy books in said paragraph 1414 of said act of 1922, as evident by the following language:

It is clear to us * * * that Congress intended that all books for children's use should be included either in said provision of paragraph 1414 or in said provision of paragraph 1310, and in order to carry out such intent the provisions must be construed as we have heretofore indicated.

The court then proceeded further:

This leaves for determination the question of whether the books in question are for children's use, as those words are used in said provision of paragraph 1310. We do not think that Congress used the word "children" as meaning all children up to the age when adolescence or youth begins, as contended for by the Government, but intended to include only children of a tender age. We come to this conclusion from the use of the words "letters, numerals, or descriptive words" in paragraph 1310, and we think that a fair description of the children included within the meaning of the word as used in said provision is that indicated by the Customs Court in the MacMillan case, supra [T. D. 43422], wherein the court, speaking of the books there under consideration, said:

* * *. By no stretch of the imagination can they be classified as within the same category of such books for children's use as, say, Little Red Riding Hood, Jack and the Beanstalk, Jack the Giant Killer, Three Bears, Mother Goose Rhymes, and similar well-known childish fables which are primarily designed and intended solely for the amusement and entertainment of children of kindergarten age or thereabouts.

We think that books designed to be used by young children, including those who have learned to read stories simply told and easily comprehended, fall within the provision "books * * * for children's use" of said paragraph 1310, and that books designed to be used by those more advanced in learning are excluded.

On the foregoing reasoning the appellate court thereupon held certain of the books there in question which were designed to be used by young children, or by children who have learned to read stories

simply told, to be properly dutiable as books for children's use under said paragraph 1310 of said act of 1922, at 25 per centum ad valorem, and held certain other of the books designed for use by children more advanced in learning, to be dutiable under the same paragraph, as books of bona fide foreign authorship, at 15 per centum ad valorem. We might here mention that under the corresponding paragraph 1410 of the present Tariff Act of 1930 the duty on children's books is now the same as for books of foreign authorship, namely, 15 per centum.

Coming now to the books before us in the present instance, and applying thereto the tests laid down in the cases cited, *supra*, as to whether or not they come within the tariff provision for "books * * * for children's use," we are led to the belief from the testimony, the stipulated facts, and the exhibits themselves, that the books involved, with one exception, are excluded from such provision for the reason that they appear to be designed for children older or more advanced in learning than those of tender or kindergarten age. While we have no actual translation of the Japanese stories or reading matter therein into English, other than the title stories in two of the books, we think the fact that the books are all conceded to contain stories suitable for the reading of children ranging from 7 to 13 years of age in itself is evidence that the books are beyond the kindergarten stage and are intended for children more advanced in learning. Furthermore, most of the books are shown to be published as monthly magazines, and exhibits 1 to 5 were written by teachers for reading by students. From all of which it will be seen that the classification of the books under the tariff act must be sought elsewhere.

As books admittedly printed in Japanese, they would seem to fall under paragraph 1630 of the present act of 1930, as books or pamphlets printed wholly or chiefly in languages other than English, free of duty. As magazines of the description hereinbefore mentioned, they could also fall under paragraph 1726, as "periodicals," if shown to be "devoted to current literature of the day, or containing current literature as a predominant feature," which would also make them free of duty. However, as there is no evidence that the magazines are of the said character, paragraph 1726 will have to be eliminated from consideration. This therefore would seem to leave the proper classification of the imported merchandise under said paragraph 1630, as books printed in a foreign language.

The one exception we mentioned before has reference to the book entitled "The Yojonotomo," represented by exhibit 6. This consists principally of pictures of young children and animals, with some small reading matter presumably in connection with the pictures, and contains also some cut-outs. The witness Imai testified that the book was for children of the age of 6 or 7 years. An examination

thereof convinces us that it is intended solely for the amusement of young children of the kindergarten age, and therefore was properly assessed as a book for children's use under said paragraph 1410.

The protests claiming free entry of the books in question under said paragraph 1630 are therefore sustained as to all the books invoiced or entitled as hereinbefore described, with the exception of the one entitled "The Yojonotomo."

Judgment will be rendered accordingly.