some conversations with the customs officials, at which time the customs officials agreed to furnish him with the proper values. The Government witness testified that the values were discussed with the witness for the petitioner and that he stated to the entrant he would give him any information desired if he would make a specific request in each instance, but that this request was never made and that some of the entries were filed since this discussion. Therefore there was nothing he could do, he stated, but appraise at the market value. Another witness testified that he owned a portion of the merchandise covered by some of the entries and when he received his bill showing the value at which the okra had been entered he got in touch with witness for petitioner and told him they had been entered too low; that the price was higher, and that he wanted to enter near the right price. This information the witness disregarded, stating that he had the consular invoice and that was what he was supposed to go by. The entry was not amended. The court was of the opinion that when the owner of a portion of the merchandise advised the plaintiff's witness that the entered values were too low this was sufficient to put an ordinary prudent man upon his guard and cause him to investigate and ascertain the proper values at which to enter. The record as a whole, failing to establish that the entry of the merchandise at values less than those found upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts, the petition was denied.

No. 49477.—Protests 42948–K, etc., of Aoki Taiseido Book Co. (San Francisco).

Opinion by KINCHELOE, J. It was stipulated that certain of the books in question are the same in all material respects as those passed upon in *Aoki Taiseido* v. *United States* (10 Cust. Ct. 217, C. D. 757). The protests were therefore sustained to this extent.

No. 49478.—Protests 921434–G, etc., of Aoki Taiseido Book Co. (San Francisco).

Opinion by KINCHELOE, J. It was stipulated that certain of the books in question are the same in all material respects as those passed upon in *Aoki Taiseido* v. *United States* (10 Cust. Ct. 217, C. D. 757). The protests were therefore sustained to this extent.

No. 49479.—Protests 23628–K, etc., of Aoki Taiseido Book Co. (San Francisco).

Opinion by KINCHELOE, J. It was stipulated that certain of the books in question are the same in all material respects as those passed upon in *Aoki Taiseido* v. *United States* (10 Cust. Ct. 217, C. D. 757). The protests were therefore sustained to this extent.