JAMES P. SMITH & CO. v. UNITED STATES.

(Circuit Court, S. D. New York.   March 16, 1909.)

No. 5,192.

1. CUSTOMS DUTIES (§ 30*)—CLASSIFICATION—"MEAT PREPARED OR PRESERVED"
—PÂTÉ DE FOIE GRAS.

In Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 275, 30 Stat. 172 (U. S. Comp. St. 1901, p. 1652), the provision for "meats of all kinds, prepared or preserved," is broad enough to include, not only the cooked meat

of poultry and game, in tins, but also goose livers prepared as pâté de foie gras.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 76; Dec. Dig. § 30.*]

2. CUSTOMS DUTIES (§ 30*)—"DRESSED POULTRY."

The cooked meat of poultry and game, in tins, and goose livers prepared as pâté de foie gras, are not dutiable, either directly or by similitude, as "poultry * * * dressed," under Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 278, 30 Stat. 172 (U. S. Comp. St. 1901, p. 1652).

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 76; Dec. Dig. § 30.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision below affirmed the assessment of duty by the collector of customs at the port of New York. The material in dispute was found by the Board of General Appraisers to consist (1) of pâté de foie gras, being goose livers reduced by boiling to a thick mass, flavored with spices and truffles, and put up in jars of various sizes, and (2) of the meat of quail, lark, and young chickens, prepared by cooking and packed in air-tight tins for preservation. The collector imposed on these commodities the duty provided for "meats of all kinds, prepared or preserved, not specially provided for," by Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 275, 30 Stat. 172 (U. S. Comp. St. 1901, p. 1652). The importers contended for classification, either directly or by similitude, under paragraph 278, 30 Stat. 172 (U. S. Comp. St. 1901, p. 1652), as "poultry * * * dressed," or under section 6, 30 Stat. 205 (U. S. Comp. St. 1901, p. 1693), relating to unenumerated manufactured articles. The board overruled these contentions in an opinion reading in part as follows:

"WAITE, General Appraiser. * * * We think it is established that the term 'poultry' has a definite and well-understood meaning at the present time, and under the definition given by the board heretofore the commodities in question cannot be classified as poultry, either directly or by similitude. In our understanding the word 'poultry' is applied to the barnyard or domestic fowl, either when it is alive or when it is dressed; the dressing consisting of plucking, or, in some localities, perhaps, plucking and drawing. Note G. A. 5,574 (T. D. 24,989). We do not think the term is intended to apply to anything but the whole, or nearly whole, fowl, and certainly not to poultry products elaborately prepared in any manner.

"We are not disposed to give to paragraph 275 the narrow construction contended for by the importers; but we think a comprehensiveness broad enough to cover all prepared or preserved meats should attach to it. The language of the paragraph is 'meats of all kinds.' If the term 'meats' were so narrow as that contended for by the importer, it would hardly have been necessary to add the comprehensive phrase 'of all kinds.' The commodities involved in these protests have undergone elaborate preparation and preservation. Not only are they changed in form by boiling and cooking, but are highly seasoned and put up in hermetically sealed receptacles.

"We think the finding of the collector was correct in each instance, and therefore overrule the protests."

B. A. Levett, for importers.

D. Frank Lloyd, Asst. U. S. Atty.

LACOMBE, Circuit Judge. I concur with the Board of General Appraisers in the conclusion that the phrase "meats of all kinds" is broad enough to cover, not only the quail, lark, and young chickens put up in tins as described, but also the livers of chickens and geese,

as well as those of steers, and that the phrase "prepared or preserved" covers them when compounded as in pâté de foie gras.

The decision of the board is affirmed.

