STONE & CO. *v.* UNITED STATES (No. 1702).[1]

CURRANTS, GROUND, HOW DUTIABLE.
   Currants which have been ground to a pulp for use in making wine have lost their identity. They are not dutiable as "currants" under paragraph 218, tariff act of 1913, but as "fruits, including berries, when dried, desiccated, evaporated, or prepared in any manner" under paragraph 217.

United States Court of Customs Appeals, May 29, 1916.

APPEAL from Board of United States General Appraisers (Abstract 39257).

[Reversed.]

*Charles E. McNabb* for appellants.

*Bert Hanson,* Assistant Attorney General (*Thomas J. Doherty* and *Charles D. Lawrence,* special attorneys, of counsel), for the United States.

[Oral argument May 17, 1916, by Mr. McNabb and Mr. Lawrence.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:
   The merchandise is described by the appraiser as currants, crushed or broken. A member of the importing firm, testifying before the board, stated that the merchandise was made from currants by grinding in a mill like a coffee mill. Undoubtedly, though not apparently, the importation is a material made from currants reduced to a pulp for the use of making wine. The Board of General Appraisers deemed a previous decision by them as controlling. The decision referred to was Abstract 16814 (T. D. 28429), affirmed by consent by the United States Circuit Court for the Southern District of New York in Graeco-American Currant & Supply Co. *v.* United States (T. D. 29106), suit 5072. That case arose under the tariff act of 1897; the competing provisions *in pari materia* were identical with those here. The issue presented, however, in that case was as between the provision for "currants, Zante or other," and the unenumerated provision of the act. In this case, however, the competing provisions are the former for "currants, Zante or other," in paragraph 218 of the tariff act of 1913, and the provision of paragraph 217 of said act providing for "fruits, including berries, when dried, desiccated, evaporated, or prepared in any manner." Other claims are made, but by the court deemed immaterial.
   An examination of the sample is convincing that the material has been ground as related by the importing witness; nevertheless, that does not differentiate it from the material the subject of the decisions *supra.* The grinding may have been deemed a crushing. Either grinding or crushing have been held to be a process of manufacture. Nor is a change of name essential, nor need the article be in the condition as imported ready for its ultimate use. Myers *v.* United States

[1] Reported in T. D. 36492 (30 Treas. Dec., 1050).

(1 Ct. Cust. Appls., 506, 508; T. D. 31531); United States *v.* Richter (2 Ct. Cust. Appls., 167, 169; T. D. 31680); United States *v.* Shing Shun & Co. (2 Ct. Cust. Appls., 388, 389; T. D. 32113); Tide Water Oil Co. *v.* United States (171 U. S., 210, 216, 217); United States *v.* Dudley (174 U. S., 670); United States *v.* Graser-Rothe (164 Fed. Rep., 205); 27 Op. of Atty. Gen. (68, 74).

The importation has completely lost its identity as currants. It is an indeterminate mass or pulp. It is, in fact, a material prepared or made from currants, the ultimate use of which is in the manufacture of wines. Its general and more diversified uses as currants have thus been destroyed or limited.

The cited provision of paragraph 217 seems in language to apply precisely to such materials, identifying the same by reference to their origin. It speaks of fruits and berries which have been processed into another than their natural condition. It aptly describes that condition of berries into which this was processed. That it was the intent of Congress to therewithin include all such fruits, berries, and materials is evinced by the inclusive word "all." McLean *v.* United States (226 U. S., 374, 383). This court has observed the legal distinction between fruits and the pulp or paste made from such fruits in United States *v.* John Duncan s Sons *et al.* (2 Ct. Cust. Appls., 380, 382; T. D. 32097), wherein it is recited:

Cases cited in which a reduction of fruits to pulp, such as date paste or cakes of nuts, had so changed the identity of the original articles as to place them under different classifications are not of much value in determining the question here presented, for we have strong evidence that the tamarinds of commerce are tamarinds imported, as were those in the present case.

Congress, likewise, in paragraph 217, has with much care and precision provided different rates of duties for different conditions of fruits and berries, the line of difference between which classifications is not more narrow than the line of distinction between the pertinent provision herein of that paragraph and the provisions of paragraph 218.

The court is of the opinion that the imported merchandise as assessed was currants, which, by being so far processed or manufactured as to become the material for another manufacture, have lost their identity as currants; and, that while accurate and intelligent description of the merchandise requires that it be referred to as currants, crushed, or currants, ground, it, in fact, is no longer currants as commonly understood. The material made thereby, however, is precisely within the provisions of paragraph 217 in that it is berries (currants), "prepared" by grinding, thereby becoming a material for the manufacture of wine.

*Reversed.*