UNITED STATES *v.* GENERAL HIDE & SKIN CORPORATION (No. 2085).[1]

1. CONSTRUCTION, PARAGRAPH 227, TARIFF ACT OF 1913—"GAME."

The word "game" (par. 227, act of 1913) carries with it the idea of animals ferae naturae, which are hunted, sought for and killed by the hunter; and often it implies also that the meat is useful for food. It embraces game the meat of which is used for food, whether fresh or otherwise.

2. CANNED WILD RABBIT MEAT.

Canned wild rabbit meat is classifiable as "game" under paragraph 227, tariff act of 1913, rather than as "meats of all kinds, prepared or preserved, not specially provided for," under paragraph 545, or a raw or unmanufactured article not enumerated or provided for under paragraph 385.

United States Court of Customs Appeals, May 23, 1921.

APPEAL from Board of United States General Appraisers, G. A. 8404 (T. D. 38602)

[Reversed.]

*Bert Hanson*, Assistant Attorney General (*John J. Mulvaney*, special attorney, of counsel), for the United States.

Submitted on record by appellee.

[Oral argument May 5, 1921, by Mr. Mulvaney.]

Before SMITH, BARBER, and MARTIN, Judges; DE VRIES, Judge, participating in the decision.

BARBER, Judge, delivered the opinion of the court:

The merchandise, the classification of which is required by this appeal, consists of rabbit meat, cooked, specially prepared and put up in hermetically sealed tins. It was invoiced as preserved rabbits. The collector classified and assessed duty on the same at 1½ cents per pound, under paragraph 227 of the act of 1913, which is hereinafter quoted.

The importer protested, alleging that the merchandise was entitled to free entry under paragraph 545 of the same act, also claiming in the alternative that, if dutiable, it should be assessed at 10 per cent ad valorem under paragraph 385 of the act as a raw or unmanufactured article, not enumerated or provided for.

---

[1] T. D. 38731.

The Board of General Appraisers held the merchandise entitled to free entry under paragraph 545.

No testimony was introduced before the board. It assumed, as do we, that these rabbits were wild, and correctly stated that the word "game," as used in the statute, carries with it the idea of animals ferae naturae, which are hunted, sought for, and killed by the hunter. To this we might add that often it also implies that the meat of such game is useful for food.

The board was of opinion that had the rabbits been killed and dressed only they would have been game within the statute, but that the processing to which the meat had been subjected warranted its classification under the provision for meats of all kinds prepared and preserved.

An examination of preceding tariff statutes shows, so far as we are advised, that the first reference to venison and other game in the schedules relating to agricultural products and provisions was in the act of 1909. The act of 1897 contained the following paragraphs:

273. Bacon and hams, 5 cents per pound.
274. Fresh beef, veal, mutton, and pork, 2 cents per pound.
275. Meats of all kinds, prepared and preserved, not specially provided for in this act, 25 per centum ad valorem.

In the preparation of the act of 1909, see Notes on Tariff Revision, page 229, it was suggested that venison and other game, except birds, be incorporated in the provisions of the above paragraph 274, which suggestion was adopted, and the act of 1909 contained the following paragraphs:

284. Bacon and hams, 4 cents per pound.
285. Fresh beef, veal, mutton, lamb, pork, and venison and other game, except birds, 1½ cents per pound.
286. Meats of all kinds, prepared or preserved, not specially provided for in this section, 25 per centum ad valorem.

In the enactment of the tariff of 1913 paragraphs 284 and 286 of the act of 1909 were consolidated into paragraph 545 of the free list and made to read as follows:

*Meats:* Fresh beef, veal, mutton, lamb, and pork; bacon and hams; meats of all kinds, prepared or preserved, not specially provided for in this section—

While the provision for venison was left in the duty paragraphs and made to read as follows:

227. Venison, and other game, 1½ cents per pound; game birds, dressed, 30 per centum ad valorem.

It will be noted that by this change the adjective "fresh," applicable to venison and other game in paragraph 285 of the act of 1909, was omitted, while by paragraph 545 it was retained with the same effect as in paragraph 285 of the act of 1909, and that prepared and

preserved meats were, as well as the eo nomine mentioned meats, all given free entry in the act of 1913.

It will also be noted that paragraph 545 refers in its eo nomine provisions to the flesh of domesticated animals. If the rule of ejusdem generis be applied, it is obvious that the paragraph would not include the importations here. That question, however, is reserved. The provision for venison and other game, with the quality implied by the word "fresh" removed therefrom, it seems to us, sweeps into the provision all vension and other game, whatever that other game may be, the meat of which is used for food whether fresh or otherwise.

Venison remains such until it is eaten for food or destroyed, and so we think does rabbit meat, which is another variety of game. It is rabbit meat although it is placed in tin cans and has been cooked and prepared and preserved. It still remains what it first was, the meat of the rabbit, which, as already stated, is assumed, for the purposes of this case, to be a wild rabbit, and therefore game. See Webster's, Standard, and other dictionaries.

The Board of General Appraisers considered that the case of Kwong Yuen Shing v. United States (1 Ct. Cust. Appls. 16; T. D. 30774), while not precisely parallel to the case at bar, furnished some analogy for its disposition. The issue there arose under the act of 1897, and the competing paragraphs were respectively 275 of that act, above quoted, and 278 thereof, providing for live and dressed poultry.

There was commercial testimony showing that the ducks there under consideration, which had been dressed, drawn, salted, dried, and canned, would not, in the trade, be regarded as poultry dressed. There being no provision for game in the act of 1897, as already pointed out, even if it be assumed that the ducks were wild, which did not appear in that case, it is obvious, the commercial testimony being considered, that the merchandise would naturally fall under paragraph 275, especially in view of the fact that the paragraph did not then contain the eo nomine provisions for meat of domesticated animals thereby excluding any claim of ejusdem generis. We see nothing in that case which controls the issue here.

In Smith v. United States (168 Fed., 462) it was held that the meat of quail, lark and young chickens, prepared by cooking, and packed and placed in air-tight tins for preservation, was meat preserved, under the same statute, but the same view as to the effect of that decision, when the statutory provisions are considered, applies as in the case of Kwong Yuen Shing, supra.

If, in the act of 1913, Congress intended to distinguish between fresh venison and other game, and that which had been prepared or preserved, it would have been easy to so indicate, but, in view of the

deliberate omission of the word "flesh" as a characteristic of venison and game that was to be dutiable under the act of 1913, we think it must be held that an article that is venison or game, within the meaning of paragraph 227, so continues until it is consumed or destroyed, or so manufactured as to require a different classification, and that cooking, preparing and preserving the same, as was done in this case, does not remove it from classification under the paragraph.

It has been repeatedly held that where an article is designated without words of limitation, that designation will generally include the article in all its forms known to commerce.—Brown & Co. *v.* United States (6 Ct. Cust. Appls. 415; T. D. 35977); Neuman *v.* United States (4 Ct. Cust. Appls. 64; T. D. 33310); Chew Hing Lung *v.* Wise (176 U. S., 156).

It should be noted that we have not the assistance of a brief or argument by the importer here.

The conclusion that the merchandise is classified under paragraph 227 makes unnecessary any consideration of the claim under paragraph 385

The judgment of the Board of General Appraisers is *reversed.*