(C. D. 934)

C. S. EMERY & CO. v. UNITED STATES

## United States Customs Court, Third Division

(Decided June 27, 1945)

*Alfred E. Bishop* for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Charles J. Miville* and *William J. Vitale*, special attorneys), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

CLINE, Judge:   These are suits against the United States brought to recover certain customs duties alleged to have been improperly exacted on merchandise consisting of alfalfa hay.   The cases were submitted on a stipulation reading in part as follows:

That the sample marked K–893 is representative of the merchandise covered by entry Nos. K–580, K–637, K–660, K–727, K–849, K–893, K–925, and K–953 in Protest 58920–K, and entry No. K–1023 in Protest 60739–K, and that the same may be received in evidence and marked plaintiff's exhibit 1.

That the sample marked K–1160 is representative of the merchandise covered by entry Nos. K–777, K–800, and K–1160 in Protest 58920–K, and that the same may be received in evidence and marked plaintiff's exhibit 2.

That said plaintiff's exhibit 1 is alfalfa hay that has been cut or chopped.

That said plaintiff's exhibit 2 is alfalfa hay that has been ground or pulverized into meal, and is chiefly used as an ingredient for chicken feed.

In addition, plaintiff's brief states that the protests are submitted on the record, the samples, the above stipulation, and a letter from the Commissioner of Customs to Mr. M. M. Mahoney, Commercial Counselor, Canadian Legation, Washington, dated August 31, 1940. We do not find the letter in the record.

The collector classified the merchandise as a nonenumerated manufactured article at the rate of 20 per centum ad valorem under paragraph 1558 of the Tariff Act of 1930.   Plaintiff claims that the merchandise is properly dutiable as hay under paragraph 779 of that act, as modified by the Canadian Trade Agreement (T. D. 49752), at $2.50 per ton of 2,000 pounds, or at 10 per centum ad valorem as a nonenumerated unmanufactured article under paragraph 1558.   The pertinent provisions of the tariff act read as follows:

PAR. 779 (as modified by the Canadian Trade Agreement, T. D. 49752).   Hay, $2.50 per ton of two thousand pounds;   *   *   *.

PAR. 1558. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

There are two types of merchandise involved herein.   The first, exemplified by plaintiff's exhibit 1, is alfalfa hay that has been chopped or cut into very small pieces.   It is variously described in the invoices and entries as "coarse alfalfa meal," "ground alfalfa hay," and

"chopped alfalfa hay." The second type of merchandise is alfalfa hay which has been ground or pulverized into meal and is 20 per centum dehydrated. It is described in the entries and invoices as "coarse alfalfa meal," "fine alfalfa meal," "ground alfalfa hay," and "dehydrated alfalfa meal."

Nothing has been done to the first type except to cut it into small pieces. It is still recognizable as hay or grass. Where an article is provided for *eo nomine* in the tariff act, without limitations or a shown contrary legislative intent, judicial decision, or administrative practice to the contrary, and without proof of commercial designation, all forms of the article are included as long as the article is recognizable as such. *Nootka Packing Co.* v. *United States*, 22 C. C. P. A. 464, T. D. 47464; *Chew Hing Lung* v. *Wise*, 176 U. S. 156; *Vanillaproco, Inc.* v. *United States*, 6 Cust. Ct. 441, C. D. 510; *S. B. Penick & Co., Inc.* v. *United States*, 14 Cust. Ct. 9, C. D. 904. See also *United States* v. *Wing Chong Lung Co.*, 33 C. C. P. A. 36, C. A. D. 312. In the *Nootka* case it was held that clams minced and packed in tins were recognizable as clams and therefore dutiable as such. In the *Vanillaproco* case vanilla beans, powdered, were held dutiable as vanilla beans rather than as a nonenumerated manufactured article. In *S. B. Penick & Co., Inc.* v. *United States, supra,* decocainized coca leaves still retaining their identity as coca leaves were held classifiable as coca leaves and not as waste.

Counsel for the Government in his brief states:

The agreed facts expressly show that Exhibit 1 is "alfalfa hay that has been cut or chopped." It is a matter of common knowledge, of which this Court may take judicial notice, that hay is fed as fodder to cattle, horses, and sheep. There is no doubt, therefore, that such a commodity is nothing more than "hay", and is properly assessable, as claimed by the plaintiff, as such.

We hold therefore that the merchandise exemplified by plaintiff's exhibit 1 is properly dutiable as hay under paragraph 779 of the Tariff Act of 1930 as modified by the Canadian Trade Agreement.

We turn now to the commodity exemplified by plaintiff's exhibit 2. It is a substance which has been ground or pulverized into meal and, as is indicated by some of the entries and a statement on the sample, it has been 20 per centum dehydrated. It is not recognizable as hay. It appears to be a greenish meal, not a grass or chopped pieces of grass. It is used as an ingredient for chicken feed rather than as fodder for animals. While it has been held that vanilla beans in powdered form are still vanilla beans (*Vanillaproco, Inc.* v. *United States, supra*), "hay" is a form of grass and when the grass has been pulverized into meal, it is no longer "hay." In *Stone & Co.* v. *United States*, 7 Ct. Cust. Appls. 173, T. D. 36492, it was held that merchandise made from currants by grinding in a mill like a coffee mill was not dutiable as "currants" but as "fruits * * * prepared." The court said (p. 174):

The court is of the opinion that the imported merchandise as assessed was currants, which, by being so far processed or manufactured as to become the material for another manufacture, have lost their identity as currants; and, that while accurate and intelligent description of the merchandise requires that it be referred to as currants, crushed, or currants, ground, it, in fact, is no longer currants as commonly understood.

The merchandise here is no longer "hay" as commonly understood.

The next question is whether the merchandise is dutiable as a non-enumerated manufactured or a nonenumerated unmanufactured article. Every application of labor to an article does not make it a manufacture in a tariff sense; there must be such a change that a new and different article with a distinctive name, character, and use emerges. *Hartranft* v. *Wiegmann*, 121 U. S. 609; *Tide Water Oil Co.* v. *United States*, 171 U. S. 210; *Anheuser-Busch Brewing Association* v. *United States*, 207 U. S. 556. In *Ishimitsu* v. *United States*, 11 Ct. Cust. Appls. 186, T. D. 38963, the court said (p. 189):

The derivation from the Latin *manus*, hand, and *facio*, to make, of "manufacture" as a noun, indicates that its original meaning was something made by hand, while as a verb it would mean the hand processing necessary to produce the thing. While this meaning has been enlarged, yet, there still remains the idea that to constitute a manufacture of a thing, or a thing manufactured, it must appear that something has been produced so changed or advanced in condition from what it was before being subjected to the processing or treatment that whether of only one material or of more than one, it has attained a distinctive name, character or use, different from that originally possessed by the material or materials before being subjected to the manufacturing process.

In the instant case the original article was grass or hay; the article under consideration is dehydrated meal. It has attained a distinctive name and use—alfalfa meal, used as an ingredient for chicken feed. In *Stone & Co.* v. *United States*, *supra*, the court said that grinding and crushing have been held processes of manufacture. In *P. E. Anderson & Co.* v. *United States*, 50 Treas. Dec. 678, Abstract 705, it was held that moss, ground by a milling process and imported in powder form, was classifiable as "moss * * * if manufactured * * *" and not as "moss * * * crude or unmanufactured * * *." In the instant case, besides being ground, the merchandise has been dehydrated.

We hold therefore that the commodity exemplified by plaintiff's exhibit 2 is dutiable as a nonenumerated manufactured article under paragraph 1558 of the Tariff Act of 1930.

Judgment will be rendered for the plaintiff insofar as entry numbers K-580, K-637, K-660, K-727, K-849, K-893, K-925, and K-953 in Protest 58920-K, and entry No. K-1023 in Protest 60739-K are concerned, and the collector is directed to reliquidate in accordance with this decision. As to all other merchandise and in all other respects, the protests are overruled.