(C. D. 1197)

Dutch Cheese Importers Co. v. United States

# United States Customs Court, Third Division

(Decided December 12, 1949)

*Strauss & Hedges* (*Eugene F. Blauvelt* of counsel) for the plaintiff.

*David N. Edelstein*, Assistant Attorney General (*Harold L. Grossman*, special attorney), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges

CLINE, Judge: This is a protest, arising at the port of New York, against the collector's assessment of duty on Edam process-cheese imported from the Netherlands at 35 per centum ad valorem under paragraph 710 of the Tariff Act of 1930. It is claimed that the merchandise is properly dutiable at 5 cents per pound, but not less than 25 per centum ad valorem, under said paragraph, as modified by the trade agreement with the Netherlands, T. D. 48075.

The pertinent provisions of the tariff act and the trade agreement are as follows:

PAR. 710. Cheese and substitutes therefor, 7 cents per pound, but not less than 35 per centum ad valorem.

PAR. 710 [as modified by the trade agreement with the Netherlands, T. D. 48075]. Edam and Gouda cheese, 5¢ per lb., but not less than 25% ad val.

The case was submitted upon a stipulation of fact reading as follows:

It is hereby stipulated and agreed by and between counsel for the plaintiff and the Assistant Attorney General for the United States, that the items of merchandise marked "A" and checked JM by Examiner Jacob Moscowitz on the invoices covered by the protest herein, consists of Edam Process Cheese manufactured in the Netherlands and exported therefrom after February 15, 1936, and was classified for duty at 35% ad valorem under the provisions of Par. 710 of the Tariff Act of 1930. The Edam Process Cheese referred to above was manufactured in the following manner:

1. Edam Cheese was manufactured from cow's milk in the usual manner in the form of loaves or balls weighing about 4 to 6 pounds each.

2. The loaves or balls of Edam cheese were then ground or chopped into small pieces and mixed with water and an emulsifying agent.

In the case of the cheese described on the invoice as "Kummel Edam Process Cheese," a small quantity of caraway seeds was also added to the mixture for flavoring. The resulting mixture was heated and when in a liquid form poured into small moulds holding either six ounces or 2½ ounces, where the cheese was allowed to cool and harden. The pieces of hardened cheese were then removed from the moulds, individually wrapped in metal foil and packed in cartons and boxes for shipment to the United States.

3. Edam Process Cheese, the merchandise at bar, is bought, sold and known under said name or designation, that is as Edam Process Cheese, in the wholesale and retail trade and commerce of the United States, and Edam Cheese from which it is processed in the manner set forth above is bought, sold and known under said name or designation, that is as Edam Cheese in the wholesale and retail trade and commerce of the United States.

The issue involved herein is whether the merchandise is included within the term "Edam cheese" in the trade agreement with the Netherlands.

The general rule is that "an *eo nomine* statutory designation of an article, without limitations or a shown contrary legislative intent, judicial decision, or administrative practice to the contrary, and without proof of commercial designation, will include all forms of said article." *Nootka Packing Co.* v. *United States*, 22 C. C. P. A. 464, 470, T. D. 47464; *Chew Hing Lung* v. *Wise*, 176 U. S. 156; *Crosse & Blackwell Co.* v. *United States*, 36 C. C. P. A. 33, C. A. D. 393.

In *Nootka Packing Co.* v. *United States, supra,* it was held that merchandise consisting of parts of clams which had been washed, put through a mincer, and canned was dutiable as clams packed in air-tight containers. The court said (p. 466):

> The imported merchandise was entered and invoiced as "minced clams." Although cut into pieces, cleaned, and cooked, according to the testimony of the importers, it can be readily identified as parts of clams. Paragraph 721 (b) of the Tariff Act of 1930 provides for "Clams, clam juice, or either in combination with other substances, packed in air-tight containers." It will be observed that this language is not restricted to clams in their raw or natural state, nor is it restricted to entire clams. It includes any clams in any condition, so long as they are clams.

In *Nozaki Bros.* v. *United States*, 71 Treas. Dec. 790, T. D. 48974, it was held that canned mandarin oranges in whole segments but without the skins, in sirup, were dutiable as oranges under the *eo nomine* provision therefor in paragraph 743 of the Tariff Act of 1930.

In a more recent case, *Crosse & Blackwell Co.* v. *United States, supra,* it was held that mangoes in brine, peeled, pitted, and sliced, were properly assessed with duty under the *eo nomine* provision for mangoes in paragraph 746 of the Tariff Act of 1930. It was pointed out that the variety of mango involved was not edible either as a fresh mango or as imported; that, while the pickling process changed its taste from a disagreeable to an extremely salty one, it did not change its character, nature, or use; that the merchandise was recognizable as mangoes.

In the instant case the original Edam cheese was ground, mixed with water and an emulsifying agent, then heated and poured into molds. This process did not change its character, nature, or use; it is still recognizable as Edam cheese.

It has been held that spiced Gouda cheese flavored with cumin seeds is dutiable as Gouda cheese and that Gruyère process-cheese flavored with wine is dutiable as Gruyère process-cheese. *Dirk Uges* v. *United States*, 19 Cust. Ct. 1, C. D. 1057; *Gruyere Cheese Corp.* v. *United States*, 7 Cust. Ct. 171, C. D. 562; *Kraft Phenix Cheese Co.* v. *United*

*States,* 10 Cust Ct. 271, C. D. 767. In the instant case nothing has been added but water and an emulsifying agent, except that some of the cheese invoiced as "Kummel Edam Process-Cheese" is flavored with a small quantity of caraway seeds. The merchandise is therefore no more than another form of Edam cheese.

The Government claims that the rule that an *eo nomine* provision will include all forms of the article is not applicable herein, citing *United States* v. *Reiss & Brady,* 136 Fed. 741; *Brennan* v. *United States,* 136 Fed. 743; *United States* v. *Sheldon & Co.,* 14 Ct. Cust. Appls. 228, T. D. 41708; *Stone & Co.* v. *United States,* 7 Ct. Cust. Appls. 173, T. D. 36492; *Kwong Yuen Shing* v. *United States,* 1 Ct. Cust. Appls. 16, T. D. 30774; *Smith* v. *United States,* 168 Fed. 462. These cases were considered and distinguished by the Court of Customs and Patent Appeals in *Nootka Packing Co.* v. *United States, supra.* In each of these cases, moreover, the question was whether processed merchandise was dutiable under an *eo nomine* designation or under a provision for a prepared product. There is no provision in the tariff act or in the trade agreements for "processed cheese." The question here is whether the merchandise is classifiable as Edam cheese or as cheese. Any form of Edam cheese must fall within the *eo nomine* designation therefor since that is more specific than the general provision for cheese.

The provision for Edam cheese in the trade agreement with the Netherlands, T. D. 48075, is an *eo nomine* designation without limitation. Schedule II of the agreement contains the following note:

The provisions of this schedule shall be construed and given the same effect, and the application of collateral provisions of the customs laws of the United States to the provisions of this schedule shall be determined insofar as may be practicable as if each provision of this schedule appeared respectively in the statutory provision noted in the column at the left of the respective descriptions of articles.

That the designation "Edam cheese" is intended to include Edam cheese in all its forms is indicated by provisions in other trade agreements relating to cheese.

The first Canadian Trade Agreement, T. D. 48033, provided for "Cheddar cheese *in original loaves.*" [Emphasis supplied.]

The trade agreement with France, T. D. 48316, provided for "Roquefort cheese *in original loaves,*" and "Blue-mold cheese *in original loaves.*" [Emphasis supplied.]

The trade agreement with Czechoslovakia, T. D. 49458, provided for "Bryndza cheese in casks, barrels, or hogsheads, weighing with their contents more than 200 pounds each."

The second Canadian Trade Agreement, T. D. 49752, provided for "Cheddar cheese, whether or not in original loaves, but *not including any cheese processed otherwise than by division into pieces.*" [Emphasis supplied.]

The Argentine Trade Agreement, T. D. 50504, provided for "Romano, Pecorino, Reggiano, Parmesano, Provoloni, Sbrinz, and Goya cheeses, *in original loaves.*" [Emphasis supplied.]

Note also the General Agreement on Tariffs and Trade, T. D. 51802, which provides:

| Tariff Act of 1930, paragraph | Description of Products | Rate of Duty |
|---|---|---|
| 710 | Cheese:<br>Roquefort, in original loaves__ | 3¢ per lb., but not less than 15% ad val. |
| | Blue-mold, in original loaves__ | 5¢ per lb., but not less than 25% ad val. |
| | Cheddar, not processed otherwise than by division into pieces. | 3½¢ per lb., but not less than 17½% ad val. |
| | Edam and Gouda:<br>Containing 40 per centum or more of butterfat. | 3½¢ per lb., but not less than 15% ad val. |
| | Other_____ | 5¢ per lb., but not less than 25% ad val. |
| | Bryndza, in casks, barrels, or hogsheads, weighing with their contents more than 200 pounds each. | 3½¢ per lb., but not less than 17½% ad val. |

In all of the foregoing, qualifying words were added to the *eo nomine* designation wherever a limitation was intended. Particularly significant is the provision in the second Canadian Trade Agreement, T. D. 49752, which provides for "Cheddar cheese, whether or not in original loaves, but not including any cheese processed otherwise than by division into pieces." This is an indication that the negotiators recognized that processed Cheddar cheese would be included in an unlimited provision for Cheddar cheese. Since Edam process-cheese was a product in being at the time the trade agreement with the Netherlands was being negotiated, as conceded by the Government, the negotiators would have included a qualification similar to the one in regard to Cheddar cheese, had such a limitation been intended.

We hold, therefore, that the merchandise herein is properly dutiable as Edam cheese, at 5 cents per pound but not less than 25 per centum ad valorem under paragraph 710 of the Tariff Act of 1930, as modified by the trade agreement with the Netherlands, T. D. 48075. The protest is sustained and judgment will be rendered accordingly.